STEWART, F.K.A. MCKINLEY, APPELLEE, *v.* MIDWESTERN INDEMNITY COMPANY ET AL., APPELLANTS.

[Cite as Stewart *v.* Midwestern Indemn. Co. (1989), 45 Ohio St. 3d 124.]

(No. 88-1083—Submitted May 2, 1989—Decided August 23, 1989.)

*Matan & Smith* and *Eugene L. Matan,* for appellee.

*Lane, Alton & Horst, Jeffrey W. Hutson* and *Douglas M. Kennedy,* for appellants.

MOYER, C.J. The question presented by this appeal is whether a trial court order vacating an arbitration award and decision which also orders the parties to select new arbitrators and to have a new arbitration is a final appealable order within the meaning of R.C. 2505.02. We hold that it is not.

Section 3(B)(2), Article IV of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district

* * *.'' Thus, the jurisdiction of the courts of appeals to review judgments and orders of courts of record is set by statute.

In this respect, R.C. 2505.02 provides in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

R.C. 2711.15 provides: "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."

Consequently, reading R.C. 2505.02 and 2711.15 *in pari materia*, it is crucial that an order made pursuant to R.C. 2711.15 must satisfy the requirements of R.C. 2505.02 in order to be a final appealable order if the court of appeals is to have jurisdiction to hear an appeal from such an order.

In *Bellaire City Schools Bd. of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65, 69-70, 13 O.O. 3d 58, 60-61, 391 N.E. 2d 1021, 1024, we enumerated the requirements to establish an appealable order pursuant to R.C. 2505.02: " 'If * * * [the trial court's order] lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such,' '' citing to *Pewter Mug, Inc.* v. *M.U.G. Enterprises, Inc.* (1975), 46 Ohio App. 2d 93, 94, 75 O.O. 2d 78, 78-79, 345 N.E. 2d 426, 427. In this instance, we are concerned with whether this appeal is from an order which determines the action or prevents a judgment. See, also, *General Electric Supply Co.* v. *Warden Electric, Inc.* (1988), 38 Ohio St. 3d 378, 528 N.E. 2d 195.

The parties submitted conflicting affidavits from members of the board indicating a dispute whether all the claims for damages had been resolved. The trial court apparently believed that the decision reached by the arbitration panel was incomplete on the issues presented by the parties. See R.C. 2711.10.[1] Because the trial court order did not vacate only the arbitration award and decision but also provided for a new arbitration proceeding, the order cannot be considered a "determin[ation of] the action" or one which "prevents a judgment" within the meaning of R.C. 2505.02. No final judgment has been entered by the trial court on the merits of the arbitration award and decision.

Thus, we conclude that a trial court order which vacates an arbitration award and orders the parties to select new arbitrators and to conduct a new arbitration proceeding is not a

---

[1] R.C. 2711.10 provides in relevant part:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"* * *

"(D) The arbitrators exceeded their powers, *or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.*

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators." (Emphasis added.)

"final appealable order" as defined in R.C. 2505.02.

A secondary issue concerning the applicability of Civ. R. 54(B) has been raised by the parties. Even though it is not a dispositive issue here, in view of our application of R.C. 2505.02, we will discuss it briefly.

We have recently held that an order is final and appealable only if the requirements of R.C. 2505.02 are satisfied and, if applicable, the requirements of Civ. R. 54(B)[2] are satisfied. See *Noble* v. *Colwell* (1989), 44 Ohio St. 3d 92, 540 N.E. 2d 1381; *General Acc. Ins. Co.* v. *Insurance Co. of North America* (1989), 44 Ohio St. 3d 17, 540 N.E. 2d 266. Civ. R. 54(B) was adopted to permit appeal when judgment is rendered on fewer than all of the claims or parties present before the court. "However, when a court enters final judgment as to fewer than all of the claims or parties, it must expressly state that there is no just reason to delay an appeal on that judgment. Without such express determination, an order adjudicating fewer than all the claims or parties '* * * shall not terminate the action as to *any* of the claims or parties * * *.'" *General Acc. Ins. Co., supra,* at 20, 540 N.E. 2d at 270. As a procedural device, Civ. R. 54(B) cannot affect the finality of an order, see *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 159, 3 O.O. 3d 174, 175, 359 N.E. 2d 702, 703, and therefore "does not alter the requirement that the order must be final before it is ap-

pealable. * * *" *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 255, 3 OBR 286, 287, 444 N.E 2d 1068, 1069-1070.

Even assuming that plaintiff's request for compensation under the bad faith claim and her claim for compensation pursuant to the insurance policy, which was the subject of arbitration, were two separate claims in a single cause of action, the absence of a statement by the trial court, in the entry vacating the arbitration award, that there is no just reason to delay an appeal, causes us to conclude that the trial court was aware that its order was not a final appealable order pursuant to R.C. 2505.02 and that Civ. R. 54(B) is therefore not applicable.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., dissent separately.

DOUGLAS, J., dissenting. I respectfully dissent. I do so because my fear that this court, in writing in the field of "final appealable orders," might add further confusion rather than clarification to the already confusing jumble of final-appealable-order jurisprudence, is fast becoming a reality. For trial judges, and especially judges of the courts of appeals who have to deal with

---

[2] Civ. R. 54(B) provides in pertinent part:

"When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

such issues on a daily basis, our decision today will be of little help.

I agree with the majority that the order in question does not meet the first prong of R.C. 2505.02. The order of the trial court certainly does *not* determine the action between these parties *and* prevent a judgment. But that is not the end of R.C. 2505.02. The trial court's order clearly affects a "substantial right" of appellants and was, without question, made in a "special proceeding." Pursuant to the second prong of R.C. 2505.02, this makes the order final and thus appealable.

Arguably, even the third prong of R.C. 2505.02 is met. A "judgment" of an arbitration panel is vacated by the trial court. While generally we consider "judgments" only emanating from courts, we nevertheless see decisions equating to judgments from many administrative boards and panels. While I concede that this is a weaker argument, we still should consider all the facets of R.C. 2505.02.

Finally, I am concerned about a portion of Justice Wright's dissent. While I agree, as earlier indicated, that the second prong of R.C. 2505.02 is met in this case and thus the trial court's order is final and appealable, I do not agree with his discussion of a "special proceeding." A special proceeding is an action not recognized at common law or part of our standard civil practice. It is one that has been brought about by specific legislation which creates a special type of action. Examples would be forcible entry and detainer, declaratory judgment, appropriation or, as in this case, arbitration. The term has nothing to do, in my judgment, with the test, set forth today by Justice Wright, from *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. The need for immediate review,

waste of judicial resources or orderly disposition of litigation does not make a proceeding "special." Rather, in determining what is a "special proceeding," we should consider the litany set forth in Civ. R. 1(C), and especially consider subsection (7) of that rule.

Accordingly, since I believe the order appealed from is final and thus appealable, I respectfully dissent.

WRIGHT, J., dissenting. I believe the majority is mistaken as to its analysis of what is and what is not a final appealable order in the context of this case. Because I believe that Judge Gillie's order of July 25, 1987 is appealable, I must respectfully dissent.

I

The term "final order" is defined in R.C. 2505.02 as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *"

Thus under R.C. 2505.02 there are three categories of final orders: (1) those that affect a substantial right, determine an action and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on summary application after judgment, and (3) those that set aside a judgment and grant a new trial. In this case, Judge Gillie's order set aside the Arbitration Award and Decision of February 9, 1987, and directed the parties to select new arbitrators and proceed to a new arbitration. I agree with the majority's con-

clusion that this order does not determine the action and prevent a judgment. Additionally, the order clearly does not set aside a judgment and grant a new trial. However, in my view the order affects a substantial right *and* was made in a special proceeding, and for that reason qualifies as a final order.

The February 9, 1987 arbitration decision in the instant case awarded Stewart $45,000. Evidently of the opinion that the award was inadequate, Stewart appealed the award to the Court of Common Pleas of Franklin County. The trial court vacated the judgment of the arbitration panel. The effect of vacating the award is a change in Midwestern's liability on this claim from a set amount of $45,000 to a potentially much higher sum. Obviously the trial court's order affected a substantial right of Midwestern.

Regarding whether this order was made in a special proceeding, we should follow our recent decision in *General Acc. Ins. Co.* v. *Insurance Co. of North America* (1989), 44 Ohio St. 3d 17, 540 N.E. 2d 266, paragraph two of the syllabus, wherein we held that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." In *General Acc. Ins. Co.* we noted:

"Statutory provision for declaratory judgments is found in R.C. Title 27, 'Courts — General Provisions — *Special Remedies.*' (Emphasis added.) R.C. Chapter 2721, 'Declaratory Judgments,' provides a complete statutory scheme for obtaining declaratory relief. * * *." *Id.* at 22, 540 N.E. 2d at 271.

In my view a similar analysis should prevail in the instant case. R.C.

Chapter 2711, also part of R.C. Title 27, Special Remedies, provides a complete statutory scheme for obtaining relief pursuant to arbitration. Provision is made for the staying of court proceedings pending arbitration, R.C. 2711.02, for the enforcement of arbitration agreements, R.C. 2711.03, and for vacation or modification of an arbitration award under certain circumstances, R.C. 2711.10 and 2711.11. Moreover, the right to appeal court orders such as the one at issue in this case is specifically granted. R.C. 2711.15 provides:

"An appeal may be taken from an order confirming, modifying, correcting, or *vacating* an award made in an arbitration proceeding or from judgment entered upon an award." (Emphasis added.)

To me it is anomalous to hold that Midwestern has a right to appeal this order, a holding compelled by the clear language of R.C. 2711.15, but then find that there is no court with jurisdiction to hear this appeal because it is not from a "final order." While purporting to read R.C. 2505.02 and 2711.15 *in pari materia*, the majority in effect renders R.C. 2711.15 a complete nullity, for any "final order" under R.C. 2505.02 is appealable, pursuant to R.C. 2505.03, regardless of whether R.C. 2711.15 says an appeal may be taken therefrom. In my view the majority's analysis goes astray by focusing solely on the language of R.C. 2505.02 without considering the General Assembly's obvious intent in creating R.C. Chapter 2711, and specifically R.C. 2711.15. I would hold that an order pursuant to R.C. Chapter 2711 confirming, modifying, correcting, or vacating an arbitration award is an order made in a special proceeding, and that if such order affects a substantial right it is a final appealable order under R.C. 2505.02. See *Gerl*

*Constr. Co.* v. *Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App. 3d 59, 24 OBR 113, 493 N.E. 2d 270 (holding that R.C. Chapter 2711 is a "special statutory proceeding" for purposes of Civ. R. 1[C]).

I believe this conclusion may also follow from the balancing approach set forth in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. In *Amato,* we held that "[a]n order of a trial court, pursuant to Civ. R. 23(C)(1), determining that an action may be maintained as a class action is a final, appealable order, pursuant to R.C. 2505.02." *Id.* at syllabus. Regarding the term "special proceeding" as used in R.C. 2505.02, we explained:

"[W]hether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

Under this balancing test I must conclude that this order is made in a special proceeding. Granted, this particular order might be reviewable at some later point in this litigation. However, that fact alone should not end the inquiry, as the *Amato* test also requires consideration of society's interest in the "prompt and orderly disposition of litigation" and the potential "waste of judicial resources." To compel the parties to proceed to a second arbitration will, of course, hinder the prompt and orderly disposition of this case, especially where later review might reveal that the second arbitration was completely unnecessary because the first award was wrongfully vacated. A determination at this point in time whether a second arbitration is appropriate would be in everyone's best interest.

## II

Appellee also argues that the order at issue is not a final appealable order because it did not include an express determination that there is "no just reason for delay." In its denial of Midwestern's motion to reconsider the dismissal of its appeal the court of appeals indicated that its decision was based in part on Midwestern's failure to respond to Stewart's Civ. R. 54(B) argument. Civ. R. 54(B) has absolutely no application in this case.

Civ. R. 54(B) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 54(B) is applicable in a *multi-claim* situation in which the court attempts to render a final judgment on one of the claims while leaving others to be litigated, or in a *multi-party* situation where the court attempts to render final judgment for or against one of the parties while leaving the

others to litigate. See *Pokorny* v. *Tilby Development Co.* (1977), 52 Ohio St. 2d 183, 185-186, 6 O.O. 3d 416, 417, 370 N.E. 2d 738, 739. An order such as that at issue here, vacating an arbitration award, falls into neither of these categories. Thus, I think the "no just reason for delay" language is completely unnecessary, as Rule 54(B) is inapplicable. The fact that claims remain unresolved is irrelevant. Thus, I find troubling the majority's suggestion that the absence of Civ. R. 54(B) language is of some significance.

Indeed, if Civ. R. 54(B) applies here it must apply to *every* order issued before *all* claims among *all* parties are disposed of, *i.e., every interlocutory order*. Obviously this is not the intent of Civ. R. 54(B), and this court has never so held. Indeed, in *Amato*, the court expressly held that Civ. R. 54(B) is inapplicable despite the fact that *all*

the claims in the case were as yet unresolved when the trial court ordered that the action may be maintained as a class action. *Id.* at 256, 21 O.O. 3d at 160, 423 N.E. 2d at 454-455. In other cases involving interlocutory orders the court has found the orders final and appealable despite the fact that claims in the case were as yet unresolved and the court had not expressly determined that there was no just reason for delay. See, *e.g., Russell* v. *Mercy Hosp.* (1984), 15 Ohio St. 3d 37, 15 OBR 136, 472 N.E. 2d 695 (order granting motion to disqualify counsel).

For the foregoing reasons, I would find that the trial court's order of June 25, 1987 is a final appealable order as a matter of law and fact. Accordingly, I would reverse the decision of the court of appeals and remand this cause to that court for review on the merits.