OPINION
This matter involves a disciplinary grievance arbitration pursuant to the provisions of the collective bargaining agreement between plaintiff-appellee, the Ohio Patrolmen's Benevolent Association ("Union") and defendant-appellant, the City of Mentor ("City")
On May 12, 1997, the Union filed a grievance on behalf of patrol officer Ron Glavan. The Union's grievance claimed that the City had terminated patrolman Glavan without just cause and that the City's action in terminating Glavan was a breach of the collective bargaining agreement. The City and the Union were unable to settle the Union's grievance at any of the steps in the grievance procedure prior to arbitration and, consequently, the Union demanded arbitration of the grievance.
Arbitrator James M. Mancini conducted an arbitration hearing on August 21 and 22, 1996 and September 4, 1996. After the hearing, both parties submitted post-hearing briefs. On December 11, 1996, Arbitrator Mancini issued his opinion and award denying the Union's grievance and upholding the disciplinary penalties imposed by the City.
On January 10, 1997, the Union filed a complaint in the Cuyahoga County Court of Common Pleas, seeking vacation of the arbitration award because the arbitrator was partial toward the
City, refused to hear pertinent evidence at the hearing and exceeded his powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject matter submitted was not made. On March 20, 1997, the City filed a cross-application for confirmation of the arbitrator's award.
Both parties filed motions for summary judgment. On September 24, 1977, the trial court conducted a hearing regarding the parties' motions and ordered the parties to prepare and submit proposed findings of fact and conclusions of law by October 3, 1977.
On November 4, 1997, the trial court journalized the following "Judgment Entry":
 This cause came upon Plaintiff's Complaint seeking vacation of an arbitration award and Defendant's Cross-Application seeking confirmation of the same arbitration award. Each party filed a Memorandum in support of their respective positions. Thereafter, the parties presented oral arguments to the Court and submitted their respective proposed Findings of Fact and Conclusions of Law.
 Based on the record before the Court including the pleadings and their exhibits, the Brief (sic) and their exhibits, the parties oral arguments and their proposed Findings of Fact and Conclusions of Law, the Court finds the Plaintiff's Complaint to be well taken.
 Thus, the Court hereby enters Judgment in favor of Plaintiff and against Defendant and Orders the Arbitrator's Opinion and Award vacated and further Orders that this matter be remanded and reheard by another arbitrator in accordance with the applicable agreement between the City of Mentor and the Ohio Patrolmen's Benevolent Association. (Emphasis added).
The City timely appealed, presenting the following assignments of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT VACATED THE ARBITRATOR'S OPINION AND AWARD PURSUANT TO R.C. § 2711.10.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT FOR ITS FAILURE TO IDENTIFY ANY GROUNDS FOR ITS VACATION OF THE ARBITRATOR'S OPINION AND AWARD.
Both parties briefed the issues on appeal. On August 6, 1998, however, the Union filed a motion to dismiss the City's appeal, arguing that there is no final appealable order in this case and, accordingly, this court lacks jurisdiction to hear the City's appeal. We agree.
Jurisdiction of an appellate court on appeal depends upon the existence of a final appealable order. Lima v. Elliot (1964),6 Ohio App.2d 243, 243-244. R.C. 2505.02, in pertinent part, defines "final order":
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *;
 (5) An order that determines that an action may or may not be maintained as a class action.
 In Stewart v. Midwestern Indemnity Co. (1989), 45 Ohio St.3d 124, at the syllabus, the Ohio Supreme Court held that:
 A trial court order which vacates an arbitration award and orders the parties to select new arbitrators and to conduct a new arbitration proceeding is not a `final appealable order' as defined in R.C. 2505.02.
The Ohio Supreme Court recently affirmed the continuing validity of Stewart in Cleveland Police Patrolmen's Assoc. v.City of Cleveland (1998), 82 Ohio St.3d 393.
In this case, the trial court specifically ordered that the matter be remanded for another hearing by another arbitrator. Accordingly, the trial court's order was not a final appealable order pursuant to R.C. 2505.02 and, therefore, we do not have jurisdiction to consider the City's appeal.
The City argues, however, that we should retain jurisdiction over this matter because the trial court did not give a sufficient reason for vacating the arbitration award. In its motion to retain jurisdiction filed October 16, 1998. the City contends that in its entry vacating the arbitrator's award and ordering a new hearing, the trial court failed to specify a statutory reason pursuant to R.C. 2711.10 for vacating the award and, therefore, it had no jurisdiction to order a rehearing by another arbitrator. This argument is without merit.
R.C. 2711.10 provides that:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 (A) The award was procured by corruption, fraud, or undue means.
 (B) There was evidence (sic) partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
As set forth in its complaint, the Union appealed the arbitrator's award in this case pursuant to R.C. 2711.10 (B), (C) and (D). Our review of the Union's motion for summary judgment, the transcript of the hearing held by the trial court on September 24, 1997 and the Union's proposed findings of fact and conclusions of law submitted on October 3, 1997 demonstrates that the Union set forth the same bases for vacation of the arbitrator's award in its motion for summary judgment, at the hearing and in its proposed entry.
In its judgment entry finding in favor of the Union and vacating the arbitrator's award, the trial court stated that after considering the parties' pleadings, briefs, oral arguments and proposed findings of fact and conclusions of law, it found the Union's complaint "to be well taken." Therefore, although the trial court's judgment entry does not state the specific statutory grounds for vacating the arbitrator's award, it is apparent that the trial court vacated the award pursuant to R.C.2711.10 (B), (C) and (D).
The Union's motion to dismiss the City's appeal is granted; the City's motion to retain jurisdiction is denied.
This appeal is dismissed.
It is, therefore, considered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J.
O'DONNELL, P.J.
ANNE L. KILBANE, J., CONCUR.