Plaintiff, Dennis T. Caron, pro se, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint against defendant, Gina Manfresca, with prejudice, pursuant to Civ.R. 41(B)(1). Plaintiff advances the following three assignments of error for our review:
 [I]. The Trial Court erred and abused it's [sic] discretion by granting Defendant-Appellee's "Motion to Dismiss" and Dismissing Plaintiff's complaint under Civ.R. 41(B)(1) for failure to comply with Civ.R. 8, because; a) The trial court's decision was contrary to the principles that should have guided it's [sic] decision, and b) The Plaintiff-Appellant's complaint was in compliance with Civ.R. 8 and set forth causes of action upon which relief could be granted.
 [II]. The Trial Court erred and abused it's [sic] discretion by issuing a dismissal with prejudice without first considering lesser sanctions.
 [III]. The Trial Court erred and abused it's [sic] discretion by failing to consider Plaintiff-Appellant's Third and Fourth Amended complaints prior to dismissing Plaintiff's case.
On July 11, 1997, plaintiff filed a 31-page, 117-paragraph complaint against defendant, his former wife, alleging fifteen causes of action arising out of their marital and post-marital relationship. Defendant answered the complaint on August 25, 1997. Thereafter, on October 29, 1997, defendant filed a Civ.R. 12(B)(6) motion to dismiss on the grounds that the complaint failed to state a claim upon which relief could be granted. On December 15, 1997, plaintiff filed a motion for leave to file a first amended complaint, along with a 41-page, 195-paragraph amended complaint alleging nineteen causes of action against defendant.
By journal entry dated January 7, 1998, the trial courtsua sponte struck plaintiff's July 11, 1997 complaint, finding it violative of Civ.R. 8(E)'s requirement that a pleading be "simple, concise and direct." Having determined that it could not discern exactly what the plaintiff was alleging in his complaint, the court found that it could not make an accurate judgment on defendant's motion to dismiss and, therefore, overruled it as being moot. The court ordered plaintiff to refile his complaint in compliance with Civ.R. 8(E) within thirty days of the date of the decision. The court also overruled plaintiff's motion for leave to file a first amended complaint, finding that it contravened Civ.R. 8(E).
Plaintiff filed a motion for leave to file a second amended complaint on February 3, 1998, along with a 31-page, 151-paragraph amended complaint, which added two defendants and alleged seventeen causes of action. On February 11, 1998, defendant filed a motion to dismiss plaintiff's action with prejudice on the grounds that plaintiff failed to comply with the trial court's January 7, 1998 order to submit a simple, concise and direct complaint. Defendant also requested that she be awarded attorney fees to compensate her for expending money in defending a frivolous action.
The trial court, on March 16, 1998, filed a decision and entry overruling plaintiff's motion for leave to file a second amended complaint. Specifically, the court found that plaintiff failed to comply with the court's January 7, 1998 order to submit a simple, concise and direct complaint. Accordingly, the court notified plaintiff, pursuant to Civ.R. 41(B)(1), that it would dismiss plaintiff's action if he failed to submit a simple, direct and concise complaint, in accordance with the court's previous order, within ten days of the date of the decision. In addition, the court ordered defendant to renew her request for dismissal, in writing, at the expiration of the ten-day period if plaintiff failed to comply with the court's order. The court further stated that if dismissal were appropriate, the court would schedule a hearing on defendant's motion for attorney fees.
On March 17, 1998, plaintiff, unaware of the court's March 16, 1998 entry, filed a motion for leave to file a third amended complaint, along with a third amended complaint. In response to the court's March 16, 1998 entry, plaintiff filed a motion for leave to file a fourth amended complaint on March 25, 1998, along with a fourth amended complaint. On March 30, 1998, defendant, in accordance with the trial court's order of March 16, 1998, filed a motion to dismiss plaintiff's action on grounds that plaintiff failed to comply with the court's orders to file a simple, direct and concise complaint. Defendant also renewed her request for attorney fees.
On April 28, 1998, the trial court, pursuant to Civ.R. 41(B)(1), dismissed plaintiff's action with prejudice due to plaintiff's failure to comply with Civ.R. 8 as previously ordered by the court on January 7, 1998 and March 16, 1998. This appeal followed.
Finding that the trial court's judgment is not a final appealable order, we dismiss plaintiff's appeal.
Defendant requested attorney fees in motions to dismiss filed on February 11 and March 30, 1998. In its entry of March 16, 1998, the trial court indicated that if the motion to dismiss were granted, the court would schedule a hearing on the motion for attorney fees. The trial court ultimately granted the motion to dismiss; however, the court did not address the issue of attorney fees.
To be final and appealable, an order must satisfy Civ.R. 54(B). Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
A decision which does not dispose of all the claims or include the words "no just reason for delay" does not satisfy Civ.R. 54(B) and is not a final appealable order. Stewart v.Midwestern Indemn. Co. (1989), 45 Ohio St.3d 124; Noble, supra.
Since the trial court's April 28, 1998 entry failed to adjudicate defendant's claim for attorney fees and did not include the words "no just reason for delay," the April 28, 1998 entry did not terminate the action. See Stevens v.Manchester (March 13, 1997), Franklin App. No. 96APE08-1022, unreported (1997 Opinions 787). Consequently, although we may question the propriety of the trial court's decision to dismiss plaintiff's complaint with prejudice without consideration of other less drastic alternatives, this court is without jurisdiction to consider the matters raised in plaintiff's appeal. Accordingly, plaintiff's appeal is dismissed.
Appeal dismissed.
BROWN and DESHLER, JJ., concur,