DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Veronica Guziak, appeals from the May 11, 2006 order of the Summit County Court of Common Pleas, Domestic Relations Division. The Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} Appellant and appellee, Stanley Guziak, were divorced on August 21, 1991. Pursuant to the judgment entry of divorce, appellant was entitled to one-half of the monthly pension received by appellee. Appellee made payments through the Child Support Enforcement Agency ("CSEA") until the agency informed him in May 2005 that it would no longer administer those payments. Appellee then began sending the payments directly to appellant.
 {¶ 3} On September 20, 2005, appellant filed a post-decree Motion for Order of Division of Property Order (PERS) and Motion in Contempt. Appellant requested, in part, an accounting for all pension payments received by appellee from the time of the judgment entry of divorce until the present to demonstrate his compliance with his obligation. Appellant further requested the issuance of a Qualified Domestic Relations Order, a finding that appellee is in contempt for failure to pay one-half of his monthly pension to appellant, and attorney fees and court costs. The magistrate held a hearing on appellant's post-decree motion on October 25, 2005, and issued her decision on November 22, 2005.
 {¶ 4} The magistrate granted judgment in favor of appellant, ordering appellee to pay $567.00 for the balance of an amount owed to appellant for June 2005. In addition, the magistrate directed CSEA to do a full accounting and audit of appellee's account regarding pension payments to appellant to verify whether appellee's obligation to pay appellant one-half of his monthly pension had been satisfied over the years. The magistrate directed CSEA to send copies of the audit report to counsel and to meet with the parties to discuss the results. The magistrate held the issues of contempt and attorneys fees in abeyance pending the next scheduled hearing. The trial court adopted the magistrate's decision the same day.
 {¶ 5} Appellee timely filed objections, arguing that the entry of judgment was premature given that CSEA had not yet prepared an audit report. Appellee further argued that any cost of living adjustments ("COLA") should not be included in his pension amount. Appellant responded in opposition, and appellee replied.
 {¶ 6} On May 11, 2006, the trial court issued a "Final Judgment Entry" in which it ruled on appellee's objections. The trial court found that appellant is not entitled to receive COLA from appellee's PERS pension and denied appellant's request for COLA payments. The trial court further found that the magistrate's granting judgment in favor of appellant for $567.00 representing the balance due for the June 2005 pension payment was premature because the magistrate had ordered an audit by CSEA of appellee's payments to appellant. The trial court ordered CSEA to conduct a full accounting and audit of appellee's account regarding his pension payments to appellant and scheduled a subsequent review hearing before the magistrate. The trial court further stated, "THIS IS A FINAL APPEALABLE ORDER. THERE IS NO JUST REASON FOR DELAY." Appellant timely appealed from that order, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I "APPELLEE IS ATTEMPTING TO CHALLENGE THE TRIAL COURT'S ORIGINAL DECISION, JUDGMENT ENTRY OF DIVORCE DATED AUGUST 21, 1991, ONCE AGAIN THROUGH THE OBJECTIONS FILED IN THE INSTANT PROCEEDING, EVENTHOUGH [sic] THE NINTH DISTRICT COURT OF APPEALS HAS ALREADY RULED ON ALL OF THESE ISSUES IS CASE NUMBER C.A. 15323 (1992) SUCH THAT APPELLEE CAN NOT NOW COLLATERALLY ATTACK SAID JUDGMENT AS IT IS THE LAW-OF-THE-CASE."
 ASSIGNMENT OF ERROR II "APPELLEE MR. GUZIAK WAS ORDERED BY THE TRIAL COURT TO PAY ONE HALF OF HIS MONTHLY PENSION, AND BY THIS PLAIN LANGUAGE OF THE ORDER, HE MUST DO SO."
 ASSIGNMENT OF ERROR III "APPELLANT DID NOT RAISE THE OBJECTION TO THE FINDING OF ARREARAGE IN HIS INITIAL OBJECTIONS AND PURSUANT TO RULE, HE WAS OUT OF TIME TO SUPPLEMENT HIS OBJECTIONS WITH A NEW OBJECTION, WHEN IT WAS NOT TIMELY RAISED."
 {¶ 7} Appellant argues that the trial court erred by denying her request for COLA as part of the payments of one-half of appellee's pension. For the reasons discussed below, this Court dismisses the appeal for lack of a final, appealable order.
 {¶ 8} R.C. 2505.02(B)(1) states that an order is a final order which may be reviewed on appeal when that order "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" In Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215, this Court explained that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." Further, "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Id.
 {¶ 9} The trial court used the Civ.R. 54(B) language to the effect that there is no just reason for delay. "The mere statement by the court that `there is no just reason for delay,' does not make final and appealable an order which is otherwise not final." Barmen v. Kekst (June 20, 1991), 8th Dist. No. 58777, citing Stewart v. Midwestern Indemn.Co. (1989), 45 Ohio St.3d 124, 127.
 {¶ 10} In this case, appellant sought various forms of relief, including, but not limited to, an accounting of all pension payments received by appellee and a finding that appellee is in contempt for his failure to pay his obligation as the accounting may demonstrate. The trial court, in its May 11, 2006 judgment entry, ordered CSEA to conduct a full accounting and audit of appellee's account regarding his pension payments to appellant. The trial court then scheduled the matter for further hearing. The parties cannot determine their rights and obligations from this judgment entry. Under these circumstances, the trial court has neither issued an order containing a statement of the relief being afforded to the parties nor terminated the controversy submitted to the court for resolution. Accordingly, the May 11, 2006 judgment entry does not constitute a final, appealable order; and this Court is without jurisdiction to consider the appeal. Appellant's appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
WHITMORE, P. J. MOORE, J. CONCUR