JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Cuyahoga Community College ("the College"), brings this appeal challenging the trial court's decision to vacate an arbitrator's award against appellee, Ohio Council 8, American Federation of State, County, and Municipal Employees, AFL-CIO, et al. ("AFSCME"). AFSCME filed a motion to dismiss the instant appeal on the grounds that this court lacks subject matter jurisdiction because the trial court's order was not a final, appealable order. We agree that the order was not a final, appealable order, and we dismiss this appeal.
 {¶ 2} The College and AFSCME are parties to a Collective Bargaining Agreement ("CBA") in effect from July 1, 2005 through June 30, 2008. In June 2006, the College terminated Michael Crawford, which precipitated AFSCME's filing a grievance against the College. On July 6, 2006, the College filed its Step 3 response to AFSCME's grievance, and the matter was submitted to arbitration on July 25, 2006. The parties did not agree on a mutual arbitrator for the matter.
 {¶ 3} On June 5, 2007, AFSCME filed its demand for an arbitration panel. The parties chose an arbitrator, and the matter proceeded to hearing on January 15, 2008. In addition to the parties' submission of evidence on the merits of the grievance, the College also argued that AFSCME had missed the deadline for requesting an arbitration panel, and thus the grievance was not *Page 4 
arbitrable. The College relied on Article 9.4 of the CBA, which states: "If the grievance is not satisfactory [sic] settled at Step 3, or at mediation, the Union may, within thirty (30) calendar days after receipt of the Step 3 answer or mediation session, submit the grievance to arbitration. In that event the College and the Union shall attempt to select a mutually satisfactory arbitrator. If they are unable to do so within ten (10) working days, the Union shall notify the American Arbitration Association of its intent to so arbitrate a grievance, the American Arbitration Association ["AAA"] shall submit a panel of arbitrators to each party, and the arbitrator shall then be chosen in accordance with the Association's then applicable rules."
 {¶ 4} On April 17, 2008, the arbitrator denied the grievance as not arbitrable, pursuant to Article 9.4 of the CBA, finding that the Union had missed the ten-day deadline by submitting the matter to the AAA well after the ten-day period had expired.
 {¶ 5} On July 17, 2008, the Union filed a motion to vacate the arbitrator's award in the common pleas court. On September 11, 2008, the trial court granted the Union's motion to vacate the arbitration award and remanded the grievance to the arbitrator for a hearing on the merits. The trial court reasoned that the ten-day period referred to the time the parties have to agree on a mutual arbitrator, and that the CBA "does not impose a deadline by which the AAA must be notified and its procedures invoked." Journal Entry, September 11, 2008. *Page 5 
The trial court further stated that the arbitrator was not authorized to deny the grievance on jurisdictional grounds. Id.
 {¶ 6} The College filed the instant appeal, arguing that the trial court exceeded its authority to vacate an arbitrator's award. In addition to refuting the College's arguments in its brief in opposition, the Union filed a motion to dismiss, arguing that the trial court's decision vacating the arbitrator's award is not a final, appealable order, and we are without jurisdiction to hear the appeal.
 {¶ 7} R.C. 2505.02(B) provides in part: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; (3) An order that vacates or sets aside a judgment or grants a new trial; ***."
 {¶ 8} R.C. 2711.15 provides: "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."
 {¶ 9} The parties agree that an arbitration action is a special proceeding, as defined by R.C. 2505.02(A)(2).[1] "Arbitration actions qualify as special *Page 6 
proceedings because arbitration was not recognized at common law or equity, and was legislatively provided for in R.C. Chapter 2711."Kelm v. Kelm (1994), 93 Ohio App.3d 686, 639 N.E.2d 842.
 {¶ 10} A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mount Sinai MedicalCtr. (1993), 67 Ohio St.3d 60, 616 N.E.2d 181.
 {¶ 11} In Cincinnati v. Public Utilities Com. (1992),63 Ohio St.3d 366, 588 N.E.2d 775, the Ohio Supreme Court held that a "refusal to dismiss a proceeding on jurisdictional grounds did not affect a substantial right of the appellant because the city could appeal such issue to the court after the commission had issued its final order on the merits. The court reasoned that an appeal only on the jurisdictional issue would result in a "split appeal," which would serve only to prolong and confuse litigation. ***." (Internal citations omitted.)
 {¶ 12} In Stewart v. Midwestern Indem. Co. (1989), 45 Ohio St.3d 124,543 N.E.2d 1200, the Ohio Supreme Court held that "[a] trial court order which vacates an arbitration award and orders the parties to select new arbitrators and to conduct a new arbitration proceeding is not a `final appealable order' as defined in R.C. 2505.02." Id. at syllabus. TheStewart court, citing Bellaire City Schools Bd. of Edn. v. Paxton
(1979), 59 Ohio St.2d 65, 391 N.E.2d 1021, enumerated the requirements *Page 7 
to establish an appealable order pursuant to R.C. 2505.02: "`If *** [the trial court's order] lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such.'" Id.
 {¶ 13} The Stewart court found that "[b]ecause the trial court order did not vacate only the arbitration award and decision but also provided for a new arbitration proceeding, the order cannot be considered a `[determination of] the action' or one which `prevents a judgment' within the meaning of R.C. 2505.02. No final judgment has been entered by the trial court on the merits of the arbitration award and decision." Id.
 {¶ 14} In this case, although the arbitrator heard evidence regarding the merits of the grievance, he did not reach a decision on the merits. Instead, the arbitrator found that the Union had failed to submit the grievance to the AAA in a timely manner; therefore, the grievance was denied. The trial court vacated the arbitrator's decision and remanded the case for a hearing on the merits of the grievance.
 {¶ 15} We find that the trial court has not entered a final judgment on the merits of the underlying grievance; thus, lacking a final appealable order, we do not have jurisdiction to hear the appeal.
Appeal dismissed.
It is ordered that appellees recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." *Page 1