[Cite as *Gruber v. Cheney*, 2010-Ohio-2827.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

JULIE M. GRUBER,

    PLAINTIFF-APPELLANT,               CASE NO.  9-10-16

    v.

AMY R. CHENEY, ET AL.,               O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 2008 CV 0663

Appeal Dismissed

Date of Decision:    June 21, 2010

APPEARANCES:

    *James A. Bowland, Jr. and Richard F. Marquardt* for Appellant

    *Edwin J. Hollern*  for Appellees, Cheney and Thompson

    *James M. Peters*  for Appellee, Aetna Health and Life Ins. Co.

Case No. 9-10-16

**SHAW, J.**

{¶1} Plaintiff-Appellant, Julie Gruber ("Gruber"), appeals the December 8, 2009 judgment of the Common Pleas Court of Marion County, Ohio, granting the motions for judgments on the pleadings in favor of Defendant-Appellee Amy Cheney ("Cheney") and Defendant-Appellee Nationwide Mutual Insurance Company ("Nationwide").

{¶2} The facts relevant to this appeal are as follows. On August 18, 2008, Gruber filed a complaint in the Common Pleas Court of Marion County, Ohio, naming Cheney, Nationwide, James Thompson ("Thompson"), Aetna Health and Life Insurance Company ("Aetna"), John Doe, and John Doe, Inc. as defendants. The complaint alleged that on August 14, 2005, Gruber was injured when Cheney failed to stop at a stop sign, causing the vehicle driven by Cheney to collide into the rear of Gruber's vehicle and injure her. The complaint further alleged that the vehicle driven by Cheney was owned by Thompson, and Gruber asserted claims against Thompson for negligent entrustment, respondeat superior/vicarious liability, and negligent hiring, training, supervision, and retention.[1] In addition, the claim against Nationwide alleged that it was the automobile insurance provider for Gruber at the time of the collision, that Gruber had a contractual right of medical payments coverage and uninsured/underinsured motorist coverage

---

[1] These same claims were brought against John Doe and John Doe, Inc.

("UM/UIM") under this policy, and that Nationwide had a right of subrogation. As to Aetna, the complaint alleged that Gruber had a health insurance policy with Aetna at the time of the collision, entitling her to a contractual right of health insurance benefits for the injuries she received in the collision, and that Aetna claimed a right of subrogation against any recovery Gruber received from the other defendants but that she disputed any claim of subrogation by Aetna. The complaint also noted that a prior complaint in this matter had been filed but was dismissed without prejudice on August 23, 2007, and that this complaint was being refiled within one year of the dismissal pursuant to R.C. 2305.19(A).

{¶3} A summons on the complaint was sent by the Clerk of Courts via certified mail to Cheney at 34 Wood Street, Richwood, Ohio, on August 27, 2008. On September 3, 2008, the summons was returned to the Clerk as "Not Deliverable as Addressed Unable to Forward." The following day the Clerk's Office sent notice to counsel for Gruber that service was attempted but was unsuccessful.

{¶4} On September 24, 2008, Aetna filed its answer to Gruber's complaint. In addition, Aetna filed cross-claims against Cheney, Thompson, and Nationwide. In these cross-claims, Aetna alleged that it paid Gruber's medical bills incurred as a result of the collision in the amount of $21,555.47, and, as a result, was subrogated to Gruber's rights of recovery from Cheney, Thompson,

and/or Nationwide. Aetna's answer and cross-claims included a proof of service to Edwin Hollern, Attorney for Defendants Cheney and Thompson.

{¶5} Nationwide filed its answer to Gruber's complaint on September 30, 2008. Nationwide also filed cross-claims against Cheney and Thompson, alleging that it was entitled to indemnity and/or contribution from these defendants and also had a right of subrogation from Gruber. Nationwide's answer and cross-claims included a proof of service to Edwin Hollern, Attorney for Defendants Cheney and Thompson.

{¶6} On October 24, 2008, Cheney and Thompson filed a joint answer to Gruber's complaint. In their answer, they alleged a number of defenses including insufficiency of service and/or service of process and that Gruber's claims were barred by the applicable statute of limitations. On that same date, they also filed a joint answer to the cross-claims of Aetna, adopting all admissions, denials, averments, and defenses set forth in their joint answer to Gruber's complaint.

{¶7} Service of the summons on the complaint to Cheney was again requested by Gruber on January 16, 2009. These instructions provided a different address for Cheney than the previous instructions. On January 30, 2008, the Clerk's Office sent the summons by certified mail to Cheney at 27328 Kinney Pike, Richwood, Ohio. However, this summons was returned on February 9, 2009, unserved, and was marked, "Not Deliverable as Addressed Unable to

-4-

Forward." Notice of the failure of service was sent to counsel for Gruber on March 10, 2009. On March 19, 2009, Gruber again requested service of the summons on the complaint to Cheney. On April 10, 2009, the Clerk's Office sent the summons to Cheney at 272 Grove Street, Richwood, Ohio. This attempt was also unsuccessful and was returned on April 27, 2009, and marked, "Not Deliverable as Addressed Unable to Forward." Gruber's attorney was sent notice of this failure on May 7, 2009.[2]

{¶8} On May 7, 2009, Gruber filed a motion to have a special process server, Robert Bateman, appointed. This motion was granted the following day. On May 21, 2009, Gruber requested service on Cheney via residential service by process server. This request listed Cheney (NKA Amy R. Myers) c/o Paulanna Myers at 11960 Landon Road, Richwood, Ohio. On May 26, 2009, the Clerk's Office prepared this new summons, which was returned by Bateman on June 1, 2009. The return of service noted that residential service was made by leaving the summons with Paulanna Myers, a person of suitable age, on May 28, 2009. However, the return also noted that service was made at 14159 State Route 36 Apt. B, Marysville, Ohio.

{¶9} Gruber filed a motion for default judgment against Cheney on July 28, 2009. On August 3, 2009, counsel for Cheney filed a memorandum contra to

---

[2] On May 13, 2009, this notice was returned to the Clerk's Office by the postal service and marked, "Forward Time Expired Return to Sender."

this motion, asserting that Cheney had not been properly served and that he filed an answer on behalf of Cheney on October 24, 2008.

{¶10} On August 5, 2009, Gruber filed another motion for the appointment of a special process server, which was granted that same day. Gruber also filed another request for service of Cheney by special process server at 34 Wood Street, Richwood, Ohio, which the Clerk's Office prepared that same day.

{¶11} On August 7, 2009, Gruber filed an additional request for service of Cheney by special process server by serving Ohio's Secretary of State and by sending Cheney a true and attested copy of the summons and complaint with the endorsement thereon of the service upon the Secretary of State via registered mail at the address listed on the complaint, which was 34 Wood Street, Richwood, Ohio. Also on that date, Gruber filed another motion for appointment of a special process server. This process server, Theron Clements, was located in Fredericksburg, Virginia. On August 10, 2009, the trial court granted this motion, and counsel for Gruber filed a request for service on Cheney via personal service by process server Theron Clements at 10499 Jerico Road, Bealeton, Virginia. The Clerk's Office issued a summons in accordance with this request later that same day. The Clerk's Office also issued two additional summonses for Cheney that day: one was sent to 34 Wood Street, Richwood, Ohio, and the other was sent via

certified mail to Cheney c/o Robert E. Cheney at P.O. Box 163, Remington, Virginia.[3]

**{¶12}** On August 12, 2009, Gruber filed the affidavits of her attorneys James Boland and Richard Marquardt, as well as the affidavit of special process server Teresa Edwards. The affidavits of the attorneys detailed the various actions they took to obtain proper service of this lawsuit on Cheney. Marquardt's affidavit also included an attestation that service was being filed that day on the Ohio Secretary of State's office by special process server along with the affidavits of Gruber's attorneys and Edwards. Edwards' affidavit indicated that she was a licensed private investigator in the State of Ohio and detailed the actions she took to determine the whereabouts of Cheney. On September 4, 2009, a return of service was filed, which indicated that Edwards made personal service of the summons on the Ohio Secretary of State on August 12, 2009.

**{¶13}** On September 28, 2009, Cheney filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), or in the alternative, a motion to dismiss pursuant to Civ.R. 12(B)(2), (4), and (5). In support of this motion, Cheney asserted that she had not been served within the required one-year time period and

---

[3] The summons sent to the Richwood, Ohio address was returned by the postal service on September 8, 2009, and marked, "Not Deliverable as Addressed Unable to Forward." The summons sent to the Virginia address was returned by the postal service on September 3, 2009, and marked, "Unclaimed Unable to Forward." Notices of these failures to serve were sent to Gruber's counsel on September 10, 2009. However, these notices were later returned by the postal service to the Clerk's Office on September 15, 2009, and marked, "Forward Time Expired."

that, consequently, the two-year-statute of limitations barred Gruber's negligence claim against her. Attached to this motion was a copy of the affidavit of Richard Marquardt that was filed by Gruber on August 12, 2009.

{¶14} Two days later, Nationwide filed a motion for judgment on the pleadings, or in the alternative, a motion to dismiss. In its motion, Nationwide asserted that if the trial court granted Cheney's motion for judgment on the pleadings, or in the alternative, the motion to dismiss, then it should also dismiss the claims against Nationwide by Gruber. In support of this assertion, Nationwide indicated that its policy of insurance with Gruber contained a provision in the UM/UIM coverage that required Gruber to preserve and protect Nationwide's right to subrogate against any liable party and that Gruber would have failed to have done so if the trial court granted Cheney's motion. Attached to this motion was a copy of the insurance policy between Nationwide and Gruber, as well as an affidavit of a Nationwide representative that the attached policy was a true and accurate copy of the policy in effect between Nationwide and Gruber at the time of the collision.

{¶15} On October 9, 2009, Gruber filed a response in opposition to both Cheney's and Nationwide's motions. Attached to this response were six exhibits, including the previously discussed affidavits of Boland, Marquardt, and Edwards. A hearing on this matter was held on October 13, 2009, and the trial court

provided additional time for Gruber to file a memorandum contra to the motions and for Cheney and Nationwide to respond to the memorandum contra. On October 16, 2009, Cheney filed a response to Gruber's previously filed response in opposition, which Nationwide joined on October 19, 2009.

{¶16} The trial court granted the motions for judgments on the pleadings filed by Cheney and Nationwide on December 8, 2009. In this entry, the court noted that the claims against the remaining parties remained pending and granted the remaining defendants leave to file dispositive motions on or before January 2, 2010.

{¶17} On December 31, 2009, Thompson filed a motion for summary judgment on Gruber's negligent entrustment claim. On January 20, 2010, Gruber filed a motion for reconsideration of the trial court's judgment in favor of Cheney and Nationwide on their motions for judgments on the pleadings. The court denied this motion the following day.

{¶18} On February 8, 2010, Gruber filed a voluntary dismissal, pursuant to Civ.R. 41(A)(1), of her claims against the remaining defendants, Thompson, Aetna, John Doe, and John Doe, Inc. On February 22, 2010, Gruber filed an appeal of the trial court's December 8, 2009, judgment granting Cheney and Nationwide judgments on the pleadings, asserting one assignment of error.

**THE TRIAL COURT ERRED IN ISSUING ITS JUDGMENT ENTRY SUSTAINING MOTION FOR JUDGMENT ON THE**

**PLEADINGS FILED BY DEFENDANTS-APPELLEES AMY R. CHENEY AND NATIONWIDE MUTUAL INSURANCE COMPANY.**

**{¶19}** Before addressing the merits of Gruber's assignment of error, we note that after the briefs in this matter were submitted but prior to oral argument, Aetna filed a motion to dismiss this appeal for lack of a final appealable order. In support of this motion, Aetna asserts that the December 8, 2009 judgment does not include a Civ.R. 54(B) certification that there is no just reason for delay and that the action has not been fully adjudicated because there are other claims that remain pending. Thus, this Court must first determine whether the judgment entry appealed from is a final appealable order and is properly before this Court.

**{¶20}** It is well established under Ohio law that a judgment of a trial court will be considered a "final appealable order" only when it satisfies the requirements of R.C. 2505.02 and, if applicable, the requirements of Civ.R. 54(B). *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 543 N.E.2d 1200. The Revised Code provides, in pertinent part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1).

**{¶21}** Here, the trial court's entry states:

> **Upon consideration of the Motions for Judgment on the Pleadings filed by defendant Amy R. Cheney on September 28, 2009; and, by Nationwide Mutual Insurance Company on or about September 28, 2009; \* \* \* defendants Amy R. Cheney and Nationwide Mutual Insurance Company are entitled to judgment in their favor as a matter of law. Accordingly, the Court hereby grants the motion of defendants and judgment is granted in favor of defendants Amy R. Cheney and Nationwide Mutual Insurance Company on all claims and cross-claims. *The claims against the remaining parties remain pending for further adjudication.***

(Emphasis added.) Clearly, this entry did not determine the entire action because other parties and claims remained. Further, the voluntary dismissal by Gruber of the remaining parties did not conclude this action because there were remaining cross-claims. Specifically, Aetna had cross-claims pending against Cheney, Thompson, and Nationwide. None of these cross-claims was voluntarily dismissed by Aetna or otherwise ruled upon by the trial court. Because these claims remained, Civ.R. 54(B) is applicable.

{¶22} Civil Rule 54(B) states:

> **When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other forms of decision is subject to revision at any time before the entry of judgment**

**adjudicating all the claims and the rights and liabilities of all the parties.**

Pursuant to this Rule, if a trial court's written decision fully disposes of fewer than all of the pending claims or parties in a civil action, then the decision will not be considered a "final judgment" unless the trial court also makes an express finding of no just reason for delay. *Smith v. Wyatt*, 5th Dist. No. 2003CA 00233, 2005-Ohio-371, ¶ 10. Absent such a finding, the decision is interlocutory in nature, is not immediately appealable, and can be revised by the trial court at any time prior to the final determination of the entire action. *Id*.

{¶23} The entry appealed by Gruber does not contain the certification required by Civ.R. 54(B).[4] Accordingly, we must dismiss Gruber's appeal for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI, P.J., and ROGERS, J., concur.**

**/jlr**

---

[4] We recognize that Aetna's claims against these co-defendants were based upon its rights of subrogation. However, whether Aetna's claims are somehow rendered moot by the dismissal of Cheney and Nationwide for lack of proper service on Cheney and the voluntary dismissal of the remaining defendants is not readily apparent from the record. Moreover, Aetna has not been afforded an opportunity to address these issues nor have the other parties been given the opportunity to respond to any argument Aetna may put forth. Therefore, we elect not to speculate as to the potential that Aetna's claims are moot. Rather, the trial court will be in a far better position to make this determination, as well as the determination as to whether there is no just cause for delay on the claims Gruber made against Cheney and Nationwide.