PEWTER MUG, INC., APPELLEE, *v.* M. U. G. ENTERPRISES, INC., APPELLANT.

(No. 75AP-384—Decided September 25, 1975.)

Messrs. *Feibel, Feibel, Shamansky & Rogovin*, for appellee.
Messrs. *Goldman & Roth*, for appellant.

McCORMAC, J.   Plaintiff, the appellee herein, has filed a motion to dismiss the appeal on the ground that the order appealed from is not a final appealable order. The order from which the appeal was taken was a decision and entry overruling defendant's motion for a stay pending arbitration. The jurisdiction of the Court of Appeals, other than its original jurisdiction, is " * * * [s]uch jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the court of record inferior to the court of appeals * * *." Section 3 (B)(2), Article IV, Ohio Constitution. In addition, R. C. 2505.02 provides, in pertinent part, as follows:

"Final order. An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial."

Consequently, it is necessary that the judgment or order appealed from be final in order for this court to have subject-matter jurisdiction. The requirement reflected in R. C. 2505.02, as relates to this appeal, is that the final order, to be appealable, must determine the action and prevent a judgment. If it lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such. *Sellman* v. *Schaaf* (1969), 17 Ohio App. 2d 69.

While the contractual right of arbitration is probably a substantial right fulfilling the first requirement, an order denying a stay of proceedings pending arbitration does not determine the action and does not prevent a judgment; hence, two of the essential elements for subject-matter jurisdiction are lacking and thus the Court of Appeals has no jurisdiction to hear this appeal. An order refusing to stay proceedings pending arbitration has been held to be an interlocutory, rather than a final appealable order. *Bd. of Education* v. *Nolte-Tillar Bros. Const. Co.* (1946), 79 Ohio App. 193. A stronger case can be made that the order is not final in the instant case where the court action is permitted to proceed, rather than being stayed pending arbitration.

It is true that other jurisdictions have reached varying results as to the appealability of orders, either granting the stay for arbitration or overruling the motion for a stay. (See 4 American Jurisprudence 2d 671, Appeal and Error, Section 157.) However, frequently the subject-matter jurisdiction for appeal is based on somewhat different language in the particular applicable provisions granting the right to appeal, so cases from other jurisdictions must be used with caution. Federal courts have rather consistently held that orders denying a stay of proceedings pending arbitration are interlocutory in nature; *i. e.*, *Baltimore Contractors, Inc.*, v. *Bodinger* (1955), 348 U. S. 176.

The better policy argument also supports holding the denial of appellant's motion for stay pending arbitration to be an interlocutory order. As the Supreme Court has pointed out:

"The prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object." *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1, 5.

If an appeal is permitted at this time, a delay in disposition will take place, with a strong possibility of a second appeal on the merits, regardless of the mode of trial. Of course, on the other hand, as defendant argues, if the trial court ruled incorrectly as to the right to arbitration, there may be a necessity of two trials. The greater likelihood, however, is that the trial court ruled correctly as to this interlocutory issue; hence, all issues may be resolved by one appeal. In addition, the complaining party may achieve satisfactory results in the initial forum, thereby rendering this issue moot for appeal. In any event, delaying an appeal on this issue best serves the interest of justice. Plaintiff's motion to dismiss the appeal for lack of a final order is sustained and the appeal is ordered dismissed.

*Appeal dismissed.*

WHITESIDE and REILLY, JJ., concur.