**In re GUARDIANSHIP OF MAUNZ.**

[Cite as *In re Guardianship of Maunz* (1991), 77 Ohio App.3d 760.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–90–10.

Decided Oct. 18, 1991.

---

*Norman C. Hartsel,* for appellant.

*Perry G. Wise,* for appellee.

EVANS, Judge.

This is an appeal from the judgment of the Court of Common Pleas of Van Wert County, Probate Division, ordering the surcharge of a former guardian for the benefit of the guardianship account.

In February 1978, Karl Maunz ("appellant") was appointed guardian of his minor son, Bradley Maunz. The purpose of the guardianship was to receive and hold $4,500 in settlement proceeds from an action for personal injuries suffered by the ward. Throughout the existence of the guardianship, appellant made no filings or accounting with the probate court.

On September 9, 1985, the ward attained the age of majority. Subsequently, the probate court attempted, without success, to contact the appellant for a final accounting of the assets. On December 4, 1985, the court issued a citation against appellant ordering him to file an inventory and final account. However, the citation was returned "address unknown" and the name of Karl Maunz did not appear in the county directory. The court proceeded on its own motion to terminate the guardianship. The court, however, reserved the right of the ward to reopen the guardianship upon good cause shown.

On July 10, 1989, the ward moved to reopen the guardianship and informed the court of appellant's address. The court found good cause to reopen and did so by judgment entry filed July 28, 1989. Although the appellant was contacted by the court, he failed to file an accounting of the guardianship funds.

On January 17, 1990, appellant failed to appear at a hearing to settle the account and was removed as guardian. A successor guardian was appointed by the probate court and ordered to file an account of the guardianship funds. On February 14, 1990, the successor guardian filed the account as well as a motion to surcharge appellant for the $4,500 in settlement proceeds plus interest. A hearing to determine the amount owed to the guardianship was held on March 7, 1990.

The probate court on May 2, 1990 issued a judgment entry finding that, during the course of the guardianship, appellant made no applications for expenditures, made improper investments, spent all of the ward's funds and never filed an accounting in the case. The court therefore found that the guardianship account was owed the original $4,500 plus $4,546.34 in interest.

On June 4, 1990, appellant filed a notice appealing from the May 2, 1990 order of the probate court. This court dismissed the appeal on July 16, 1990, for failure to comply with App.R. 4 which establishes the amount of time in which to file a notice of appeal.

Pursuant to an order of the probate court, the successor guardian refiled the motion to surcharge the appellant for the money owed to the guardianship account. On July 31, 1990, a hearing was held on the successor guardian's motion to surcharge. In a judgment entry filed on August 28, 1990, the motion to surcharge was granted and appellant was ordered to pay $9,046.34 to the guardianship account.

It is from this judgment that appellant appeals and asserts eleven assignments of error:

## I

"The court's proceedings on March 7, 1990, were improper and conducted contrary to law since a motion to surcharge cannot precede a hearing on the account of the fiduciary."

## II

"The court acted improperly by backdating the guardian's account to permit a hearing on the account to be conducted on March 7, 1990, pursuant to notice previously given."

## III

"The court's proceedings on March 7, 1990, were improper and conducted contrary to law since all parties interested in the guardianship had not been served with notice of the hearing."

## IV

"The court acted improperly by failing to set a date for hearing exceptions to the guardian's account."

## V

"The court exceeded its jurisdiction by receiving testimony and making findings of fact and conclusions of law as to matters and events occurring *after* the termination of the guardianship." (Emphasis *sic.*)

## VI

"The court made findings of fact which were inconsistent with the uncontroverted testimony and corroborated testimony of persons with adverse interests."

## VII

"The court acted improperly by not crediting the former guardian with the fair market value of assets distributed in kind to the ward."

## VIII

"The court erred by not holding that the ward was estopped to bring any action against the former guardian since his acceptance and retention of unauthorized investments ratified the acts of the former guardian."

## IX

"The court erred by not holding that the ward would be unjustly enriched if he was permitted to accept and retain the unauthorized investments (or the proceeds and/or substituted assets derived therefrom or relating thereto) *and* the original principal and imputed earnings of the guardianship." (Emphasis *sic.*)

## X

"The court improperly computed the rate of 'earnings' which could be attributed to any amount for which the former guardian could be surcharged."

## XI

"The court improperly computed the period during which 'earnings' could be imputed to any amount for which the former guardian could be surcharged."

■ All of appellant's assignments of error relate to the hearing held on March 7, 1990 and the May 2, 1990 journal entry which determined the amount owed to the guardianship account. From this order appellant filed an appeal on June 4, 1990. However, because his appeal was not filed in a timely manner, this court had no jurisdiction to proceed. We therefore granted appellee's motion and dismissed the appeal. Although he cites no legal precedent, appellant claims the order of May 2, 1990 was nothing more than a series of findings of fact and conclusions of law which did not result in a final order. Appellant contends there was no final order from which an appeal could be taken until the order of the court dated August 28, 1990. We disagree.

A final appealable order is one that meets the requirements found in R.C. 2505.02 which reads in part: "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed * * *."

The Supreme Court has enumerated the requirements to establish an appealable order pursuant to R.C. 2505.02:

" 'If * * * [the trial court's order] lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such.' " *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 70, 13 O.O.3d 58, 61, 391 N.E.2d 1021, 1024, quoting *Pewter Mug, Inc. v. M.U.G. Enterprises, Inc.* (1975), 46 Ohio App.2d 93, 94, 75 O.O.2d 78, 78–79, 345 N.E.2d 426, 427. The court reiterated this language and its importance in *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 126, 543 N.E.2d 1200, 1202.

The journal entry of May 2, 1990, which determined the amount owed to the guardianship, meets all three requirements of *Paxton*. First, we consider whether the May 2, 1990 order affects a substantial right. A substantial right has been defined as "a legal right entitled to enforcement and protection by law." *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 358, 2 O.O.2d 257, 260, 142 N.E.2d 660, 664. The right of the ward in having a proper accounting of his guardianship funds is a substantial right. Next, because the May 2, 1990 order finalizes the guardianship account by determining exactly how much money is owed to the account, it is determinative of the action. The probate court's order states in pertinent part:

"In summary, the Court finds that Karl Maunz received $4,500.00 as guardian on behalf of Bradley Maunz in 1978, no proper expenditures were made, and nothing remained when Bradley turned 18.

" * * *

"THEREFORE THE COURT ORDERS the account approved as modified to reflect the proper interest in the amount of $4546.34; therefore the amount owing to the guardianship is $9046.34 plus interest shall accrue at the legal rate of interest until recovery is made."

Finally, the order prevents a judgment in favor of the appellant by preventing the filing of any additional accounting that may be more favorable to the appellant. In fact, in its entry the probate court responded negatively to several arguments raised by appellant in an effort to benefit himself in the accounting process.

Because all of the attributes enumerated by the Supreme Court in *Paxton* are met in the probate court's order of May 2, 1990, it is final and appealable. Further, because appellant's original appeal was untimely, we lacked jurisdiction to entertain an appeal. "The timely filing of a notice of appeal is a prerequisite to a civil appeal as of right." *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 294–295, 25 OBR 343, 344, 496

N.E.2d 466, 467. The time to appeal the probate court's determination of the amount owed to the guardianship has passed. Any assignments of error which could have been raised on the first appeal cannot subsequently be raised herein as they are barred by *res judicata.* See *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 67 O.O.2d 209, 311 N.E.2d 870. See, also, *Knox v. Knox* (June 17, 1981), Union App. No. 14–80–11, unreported, 1981 WL 6629. Because these assignments of error are barred by *res judicata,* they are not well taken.

However, in view of the fact that this court has previously held that a court without jurisdictional power has no authority to act, and any attempt to act is void and may be questioned at any time, *Wiley v. Wiley* (Nov. 15, 1988), Shelby App. No. 17–87–15, unreported, 1988 WL 122552, we review separately appellant's fifth assignment of error, which challenges the jurisdiction of the probate court.

In this assignment of error, appellant argues that R.C. 2111.05 effectively terminated the guardianship in 1980 when appellant used all of the remaining money to purchase, in the ward's name, shares of stock in appellant's business. Appellant proceeds to argue that this termination of the guardianship relieved the probate court of its jurisdiction. We do not agree with this theory.

R.C. 2111.05 authorizes the guardian of an estate of less that ten thousand dollars to apply to the probate court for an order to terminate the guardianship. This statute is not self-executing. It is only upon application, which the guardian may make, but is not required to make, that this statute becomes effective. The record before us contains no application by appellant to terminate the guardianship. The statute also states in part:

"If the court refuses to grant the application to terminate the guardianship, or if no such application is presented to the court, the guardian only shall be required to render account upon the termination of his guardianship * * *."

There was no accounting by appellant as required by this statute. Further, we find nothing in R.C. 2111.05 that grants authority to the appellant to unilaterally terminate the guardianship and thereby divest the probate court of jurisdiction. Appellant's fifth assignment of error is specifically overruled. His other assignments of error are barred by *res judicata* and are therefore not well taken.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the probate court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.