OPINION
Appellants William and Cheryl Patton appeal the decision of the Stark County Court of Common Pleas, which granted summary judgment in favor of Appellee Capital Builders Supply, Inc. in a dispute regarding a home improvement contract. The facts leading to the present appeal are as follows. Appellants are homeowners residing in Canton, Ohio. In July 1997 they entered into a contractual agreement with appellee for improvements to the exterior of their home. Appellant agreed to pay the sum of $7,967 in exchange for appellee replacing their siding, installing insulation, improving the gutters, downspouts and other related work. The parties arranged for financing through Green Tree Financial Services, such that appellants would repay the above sum on an installment plan, and Green Tree would pay the principal sum upon the appellants signing a "satisfaction of work" statement. At the completion of the project, appellants felt appellee's job was substandard and incomplete, and they refused to sign the aforesaid "satisfaction of work" statement. Therefore, on October 17, 1997, appellee filed an affidavit with the Stark County Recorder's Office to obtain a mechanic's lien against the appellants' residential property. On December 23, 1997, appellants filed a complaint in the Stark County Court of Common Pleas alleging that appellee had breached the parties' home improvement contract, and further asserted fraud, violations of the Ohio Consumer Sales Practices Act, and defective filing of the lien. The complaint prayed for damages in excess of $29,000.
On February 4, 1998, appellee filed a motion to stay the proceedings pending arbitration, citing the following arbitration clause of the home improvement contract: Any controversy or claims over $2000.00 arising out of or relating to this contract, or breach thereof, shall be settled by arbitration in Cleveland, Ohio in accordance with the rules of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction thereof. Any claim under $2000.00 shall be settled in small claims court.
Appellant filed a response in opposition to the stay motion on February 20, 1998. However, the trial court granted the motion to stay on March 5, 1998. Arbitration thereby commenced in October 1998 at the offices of the American Arbitration Association in Cleveland, Ohio. The arbitrator ruled in favor of appellee. Appellee then filed an application to enforce the arbitration award and motion for summary judgment on March 24, 1999. Appellant filed a motion in opposition on April 19, 1999. On June 10, 1999, the trial court filed its judgment entry granting appellee's motion for summary judgment. Appellant timely appealed and herein raises the following Six Assignments of Error:
I
 THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S MOTION TO HAVE THE ACTION STAYED PENDING ARBITRATION SINCE THE APPELLEE HAD EFFECTIVELY WAIVED THE RIGHT TO ENFORCE THE ARBITRATION CLAUSE BECAUSE IT HAD RECORDED A MECHANICS' LIEN FOR THE FULL AMOUNT OF THE CONTRACT WHICH ENCUMBERED THE APPELLANT'S REAL PROPERTY PRIOR TO ANY PLEADING BEING FILED IN THE COURT SEEKING JUDICIAL ENFORCEMENT OF THE ARBITRATION CLAUSE.
II
 THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S MOTION TO HAVE THE ACTION STAYED PENDING ARBITRATION SINCE THE ISSUES OF THIS ACTION DEALING WITH VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT FOR ACTS OF THE APPELLEE MADE PRIOR TO THE CONTRACT ARE NOT ISSUES THAT CAN BE RESOLVED THROUGH THE USE OF THE ARBITRATION CLAUSE IN A CONTRACT.
III
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN THIS CASE.
IV
 THE TRIAL COURT ERRED WHEN IT DECIDED TO ENFORCE THE DECISION OF THE ARBITRATOR BECAUSE THE ARBITRATION CLAUSE ITSELF WAS UNCONSCIONABLE IN THAT IT DID NOT INFORM THE APPELLANTS OF THE COST OF THE ARBITRATION BEFORE THEY SIGNED THE CONTRACT.
V
 THE TRIAL COURT ERRED WHEN IT STRUCK THE AFFIDAVIT OF THE APPELLANTS' ATTORNEY AS TOTHE INCONSISTENCIES IN THE ARBITRATOR'S HANDLING OF THE CASE SINCE THE ATTORNEY HAD PERSONAL KNOWLEDGE OF THE ERRORS MADE BY THE ARBITRATOR AND SINCE THE ARBITRATOR MADE NO RECORD OF THE PROCEEDINGS FOR A COURT TO REVIEW TO SEE IF THERE WERE ANY VIOLATIONS OF OHIO REVISED CODE SECTION 2711.10.
VI
 THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE SEVERAL INCONSISTENCIES AND ERRORS THAT CLEARLY SHOWED THAT THE ARBITRATION AWARD SHOULD HAVE BEEN MODIFIED OR CORRECTED PURSUANT TO OHIO REVISED CODE SECTION 2711.11.
 I, II
We address appellant's First and Second Assignments of Error together, as they both pertain to the trial court's decision to stay appellant's original action, pending arbitration. In addressing these arguments, we first turn to R.C. 2711.02, which mandates as follows: If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. A review of the record before us gives no indication that appellant timely appealed the March 6, 1998 decision of the trial court staying appellant's action pending arbitration. Hence, the March 6, 1998 decision has become res judicata and is not herein reviewable. See, e.g., In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207,208-209. Appellant's First and Second Assignments of Error are overruled.
 III, VI
We address appellant's Third and Sixth Assignments of Error together, as they both challenge the trial court's decision to grant summary judgment in favor of appellee. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264. It is based on this standard that we review these two assignments of error. Appellant in the case sub judice did not obtain a transcript of the proceedings before the arbitrator. This Court has previously held: Furthermore, appellants did not provide the trial court or this Court with the transcript of the arbitrator's hearing. As such, both the trial court and this Court must presume regularity in the proceedings before the arbitrator. See, Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197,400 N.E.2d 384. * * * The mere fact the award appears to contradict the terms of the contract does not necessarily establish the arbitrator exceeded his authority. In the absence of a transcript of the arbitration hearing, we, and the trial court, must presume the contrary. * * *.
R.L. Bates Co. v. Schmidt (Dec. 28, 1998), Delaware App. No. 98CAE07031, unreported, at 4. In a similar vein, "[b]inding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties." Hacienda Mexican Restaurant of Ohio v. Zadd (Dec. 10, 1993), Lake App. No. 92-L-108, unreported, at 2, quoting Huffman v. Valletto (1984), 15 Ohio App.3d 61, 63. Thus, absent a transcript, the trial court in the case sub judice was required to presume the regularity of the arbitration proceedings, leaving no material facts subject to further litigation. In such a situation, the trial court committed no error in finding that appellee was entitled to judgment as a matter of law. Appellant's Third and Sixth Assignments of Error are overruled.
 IV
In his Fourth Assignment of Error, appellant argues that the trial court erred in enforcing the decision of the arbitrator due to the unconscionable nature of the arbitration clause itself. We disagree. The relevant portion of the Ohio Arbitration Act, R.C. 2711.01, provides as follows: A provision in any written contract [providing for arbitration of a dispute] * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.
Appellant herein challenges not the proceedings before the arbitrator per se, but the format of the arbitration clause itself. Nonetheless, we again hold that appellant waived his right to appeal on this basis by choosing not to appeal March 5, 1998 trial court decision to defer to the arbitration clause and stay the court action. See R.C. 2711.02, supra. In his reply brief, appellant cites Bellaire City Schools Bd. of Ed. v. Paxton (1979), 59 Ohio St.2d 65 and Pewter Mug v. M.U.G. Enterprises (1975) 46 Ohio App.2d 93, in support of his proposition that the March 6, 1998 decision was not appealable. However, these authorities pre-date the legislature's revision of R.C. 2711.02 on May 31, 1990 in Amended Senate Bill 177. We find appellant's argument without merit. Appellant's Fourth Assignment of Error is overruled.
 V
On his Fifth Assignment of Error, appellant contends that the trial court erred in striking the affidavit of his attorney, David Van Gaasbeek, which averred inconsistencies in the arbitration hearing. We disagree. In support of his argument, appellant cites the language of R.C. 2506.02, which allows for an "affidavit filed by the appellant' in lieu of a transcript in appeals of administrative decisions. While no similar express language is found in the statutes controlling arbitration procedures under R.C. 2711.01, et seq. we must review with significant deference a trial court's limitation of counsel acting as both advocate and witness. The Ohio Supreme Court has consistently held that "[a] trial court has the duty and responsibility to supervise the conduct of attorneys who appear before it and its rulings will be upheld unless the court abused its discretion." 155 N. High, Ltd. v. Cincinnati Ins. Co. (1995), 72 Ohio St.3d 423, 426, citing Royal Indemn. Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31; Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256. The trial court in the case sub judice directed that "[i]f Plaintiff's counsel wishes to become a witness, then he will need to withdraw from the case." Judgment Entry Nunc Pro Tunc, June 10, 1999, at 5. It is clear that the court sought to avoid a violation of DR 5-102(A) by counsel, and we therein find no abuse of discretion. Moreover, R.C. 2711.10
limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority. See Goodyear Tire Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of America (1975), 42 Ohio St.2d 516. Our review of the attorney's affidavit in question places it in the category of a brief evidentiary compilation rather than an overt claim of misconduct or other provision under R.C.2711.10, thereby severely restricting its probative value. There was no error in the trial court's decision to strike counsel's affidavit. Appellant's Fifth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.