OPINION
Defendant-appellant Amy Baker (Baker) appeals the decision of the Jefferson County Common Pleas Court granting summary judgment to Valley View Homes, Inc. (Valley View). This court is asked to determine if Baker's counterclaim against Valley View is barred by res judicata. For the reasons discussed below, the decision of the trial court is hereby affirmed.
 FACTS
Baker and Valley View entered into a contract in 1996 for Valley View to build a house for Baker. Ground broke in December of 1996. From the beginning of construction, Baker complained about the quality of the job Valley View was performing in building her house. According to the terms of the contract, Baker was to pay Valley View in three payments. She paid the first two, but due to her dissatisfaction with the quality of the house she refused to pay the third and final payment of $63,329.40.
The contract to build the house contained a mandatory arbitration clause. Pursuant to that arbitration clause, in April 1997, Valley View initiated mandatory arbitration in Tuscarawas County (Baker I) seeking the final payment on the house. A three judge arbitration panel decided that Baker only owed $24,596.40. This was a $38,733 setoff from the original amount owed. Baker could have, but did not, appeal this decision.
On July 9, 1998, Baker filed a statutory tort action in Jefferson County Common Pleas Court (Baker II) based upon the Consumer Sales Practices Act (CSPA), R.C. 1345.01, et seq. The trial court granted summary judgment for Valley View. The trial court stated that the issues raised in the complaint were previously litigated in Baker I. The court stated it would only be permitted to hear defects that arose after and unrelated to the defects heard at the arbitration hearing. Baker appealed the decision. However, the case was dismissed due to Baker's failure to file a brief.
In 1999, Valley View filed an action in foreclosure (Baker III) against Baker due to Baker's failure to pay the $24,596.40. Baker filed a counterclaim in response, raising the statutory tort claims again based on CSPA. Baker claimed that the defects raised in the counterclaim were new defects that occurred after the arbitration hearing. On January 8, 2001, the trial court ordered foreclosure, but left the counterclaim open until after discovery to determine if Baker was raising "new" claims. After discovery, the trial court found that the claims were not new, but rather were the claims raised at the arbitration hearing. Baker timely appeals the trial court's decision. In addition to reversing the Baker III summary judgment order, Baker asks this court to reverse the trial court's decision to grant summary judgment on the 1998 complaint in Baker II, despite the fact that Baker previously appealed the decision but failed to file a brief, thereby causing a dismissal of the appeal.
 STANDARD OF REVIEW
An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. Summary judgment is properly granted when: 1) no genuine issue as to any material fact exits; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis Day WarehousingCo., Inc. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id.
 ASSIGNMENTS OF ERROR NOS. ONE AND TWO
Baker raises three assignments of error. The first two are similar and will be addressed together. These assignments contend:
 "THE TRIAL COURT ERRED IN ITS ORDER OF SUMMARY JUDGMENT ENTERED APRIL 24, 2001 WHICH STATED `PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ALL OF DEFENDANT'S COUNTERCLAIMS IS HEREBY SUSTAINED UPON THE GROUNDS OF RES ADJUDICATA. COSTS TO THE DEFENDANTS.'"
 "THE TRIAL COURT ERRED IN ITS `ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM' ENTERED NOVEMBER 22, 2000 IN PARAGRAPHS 3 AND 4 OF THAT ORDER WHICH STATES:
 3. DEFENDANT SHALL NOT PURSUE ANY CAUSE OF ACTION THAT ACCURED [SIC] ON OR BEFORE JULY 9, 1998.
 4. FURTHER, ALL CAUSES OF ACTION ACCRUING ON OR BEFORE TO (sic) JULY 9, 1998 ARE DISMISSED WITH PREJUDICE EVEN IF DAMAGES THEREFROM HAVE WORSENED SINCE THAT DATE AND EVEN IF NEW ELEMENTS HAVE OCCURRED RELATING TO THE OLD CAUSE OF ACTION."
Baker raises three arguments under these assignments of error. First, she claims that the statutory tort claims are not barred by res judicata because they were not raised at the arbitration hearing. Furthermore, she insists that they could not have been raised at the arbitration hearing because the arbitration clauses in the contract only required claims relating to the contract and limited warranty to be arbitrated. Second, she asserts that the claims raised in Baker III are new claims, or in the alternative, exacerbations of old claims and therefore are not barred by res judicata. Third, Baker argues that the summary judgment motion was not supported according to the rules and therefore should not have been granted.
 CONTRACT AND STATUTORY TORT CLAIMS AT THE ARBITRATION HEARING
In Baker II, Baker filed a complaint alleging that the actions of Valley View were unfair, deceptive and unconscionable in violation of the CSPA, R.C. 1345.02 and R.C. 1345.03. The trial court specifically stated that the claims filed by Baker clearly arose out of the same transaction and occurrence that was the subject matter of the arbitration hearing and thus were barred by res judicata. (3/5/99 J.E.). The trial court stated that only claims arising or accruing subsequent to the arbitration hearing could be tried. (3/5/99 J.E.). Baker appealed that decision but failed to file a brief whereupon the appeal was dismissed. Then, in response to the foreclosure action (Baker III), Baker filed a counterclaim against Valley View. The counterclaim filed December 23, 1999 in Baker III is identical to the Baker II complaint filed on July 9, 1998.
Under the doctrine of res judicata, a final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Kelm v. Kelm (2001), 92 Ohio St.3d 223, 227. Res judicata bars litigation of all claims which were or might have been litigated in the first lawsuit. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379; NationalAmusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62.
Given the trial court's ruling in Baker II, Baker could have raised on appeal the issue of whether the statutory tort claims were raised or could have been raised in Baker I. Since she failed to prosecute that appeal she is now barred by res judicata from raising those claims. See In reGuardianship of Maunz (1991), 77 Ohio App.3d 760. In Maunz, a judgment was entered against the prior guardian for funds that were misappropriated. The prior guardian filed an untimely notice of appeal. The court dismissed the appeal. The new guardian refiled the motion to surcharge the prior guardian for the money owed. A judgment was entered on the motion. In response to this judgment, the prior guardian filed a timely appeal. The prior guardian's assignments of error attacked the amount of the award. The Third District Court of Appeals held that any assignment of error which could have been raised in the first appeal cannot subsequently be raised; it is barred by res judicata. Id.; State,ex rel. Carolyn Donovan v. Zajac (June 23, 2000), Geauga App. No. 98-G-2199.
The judgment in Baker II stated that Baker's claims regarding statutory claims were barred by res judicata because they were already litigated in Baker I. Baker now appeals, claiming the statutory claims were not raised and could not have been raised in Baker I. Notwithstanding their claim, the fact remains that Baker simply failed to avail herself of all available grounds for relief in the Baker II appeal. Therefore, Baker is barred from asserting that the trial court's decision that the statutory claims are barred by res judicata was an incorrect decision. Therefore, in order for Baker to prevail on this appeal the claims asserted in Baker III must be claims that arose after the litigation in Baker I.
 NEW CLAIMS AND EXACERBATIONS OF OLD CLAIMS
In Baker III, Baker raises three defects. Her first claim is that there was snow in the attic. Regarding this claim, testimony at the arbitration hearing (Baker I) revealed that there were major concerns with the roof. At the hearing, testimony indicated that the roof was coming off the house and there were gaps where the walls and the roof joined. Her second claim is that substantial water damage had occurred behind the fireplace. Testimony at the arbitration hearing (Baker I) indicated that water was leaking into the living room and upstairs bedroom. The third claim is that the jack posts were going through the beams in the floor. At the arbitration hearing it was discussed numerous times about how the jack posts were pushing through the basement beam causing the floor upstairs to be unlevel which caused the house to be off center. The claims asserted in Baker III are not new claims, but rather are exacerbations of old claims that were raised in the prior litigation.
Exacerbations of old claims are barred by res judicata. We compare the situation in this case to the situation of injuries sustained in a car wreck. For example, a party gets involved in a car wreck and suffers whiplash; the party sues for the injury and collects a judgment. The party is then barred by res judicata from coming back to court and raising a claim for damages for rheumatoid arthritis, which is an exacerbation of the whiplash. See 30 Ohio Jurisprudence 3d (1999) 24, Damages, Section 17 (damages are not necessarily limited to those that have already been sustained at the time of the suit; damages may be awarded for future conditions that are reasonably certain to occur); 63 Ohio Jurisprudence 3d (1985) 306, Judgments, Section 499 (where a plaintiff could have pleaded other damages in addition to the damages already pled, the plaintiff is barred by res judicata from asserting the additional damages in a second cause of action); Alexander v. Groosbeck (Mar. 3, 1995), Lucas App. No. L-94-062 (upholding trial court's determination that doctor testifying that exacerbations for injuries suffered would reasonably occur in the future causing future damages enabled plaintiff to recover future damages); Logan v. Stovall (Jan. 30, 1985), Cuyahoga App. No. 50069; Stone v. Patarine (June 21, 2000), Lorain App. No. 98CA007242.
Additionally, Baker insists that a recent decision from our court stands for the proposition that res judicata does not bar Baker's claims. Rizvi v. St. Elizabeth Hosp. Med. Cent. (Sept. 24, 20001), Mahoning App. No. 00CA194. However, Rizvi is distinguishable. In Rizvi, appellant claimed appellee made defamatory statements about him and breached the contract that the parties had entered into. Appellant asserted that his defamation claims, based on alleged misrepresentations that appellee made to a third party, and contract claims were not barred by claim preclusion. We agreed with appellant and held that claim preclusion was not applicable because the issues regarding breach of contract did not arise out of the same transaction or occurrence as was heard in previous litigation before the Ohio State Medical Board. Id. (the previous litigation before the Ohio State Medical Board dealt with issues regarding false statements made on an application to the Board). Additionally, we stated that the Ohio State Medical Board had no authority to hear the defamation claims. Id. This is not the situation in the case before us now. The claims raised or the exacerbation of old claims arose from the same transaction and occurrence as the claims raised in the prior litigation. Furthermore, as explained above, Baker cannot now assert that the arbitration panel in Baker I did not hear the statutory claims or was barred from hearing those claims. As such, Baker's claims are barred by res judicata.
 SUPPORT OF SUMMARY JUDGMENT MOTION
Baker claims that the affidavit attached to the summary judgment motion was not based on personal knowledge. Additionally, Baker asserts that Valley View could not use a transcript of the arbitration hearing to support the motion for summary judgment because Civ.R. 56 only authorizes a party to use the transcripts of the pending proceedings. Each of these arguments will be addressed separately, beginning with the affidavit.
Civ.R. 56(A) states that a party moving for summary judgment may support their motion with affidavits. Civ.R. 56(E) requires that affiant's statements in the affidavit be based on personal knowledge and affirmatively show that he/she is competent to testify to the matters stated in the affidavit. State ex rel. Nix v. Cleveland (1998),83 Ohio St.3d 379, 384. Personal knowledge is defined as: knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay. Brannon v.Rinzler (1991), 77 Ohio App.3d 749, 756, quoting Black's Law Dictionary (6 Ed. 1990) 873.
Valley View supported their motion for summary judgment with an affidavit from John F. Pottmeyer. In this affidavit, Pottmeyer states he is an architect retained as an expert to investigate Baker's complaints. He states he personally investigated the complaints and made a report, which was subsequently used at the arbitration hearing. He states that the report attached to the summary judgment motion is a true and accurate copy of the report. He also states he testified and was cross-examined at the arbitration hearing.
Pottmeyer has personal knowledge of the complaints he inspected, and as an architect he is competent to testify as to whether the repairs or construction were in compliance with industry standards. In addition, Pottmeyer has personal knowledge as to what he testified to at the arbitration hearing and what is in his report. The report is being used to show that the same issues are being raised in Baker III that were either previously raised or could have been raised at the arbitration hearing. As such Baker's argument is without merit.
In regards to the transcript of the arbitration hearing being used to support the summary judgment motion, Civ.R. 56(C) states that transcripts of evidence may be used to support a motion for summary judgment. The staff notes following Civ.R. 56(C) state that the prior version of Civ.R. 56(C) contained language that transcripts of evidence "in the pending case" could be used to support the motion. However, this language was deleted in July 1999, so that transcripts of evidence from another case could be filed and considered in deciding the motion. Civ.R. 56(C), staff note. Therefore, since the transcript in question was properly certified, it properly could be considered by the trial court.
Additionally, Baker claims that the arbitration transcript is incomplete because it does not contain the exhibits. A review of the arbitration transcript indicates that the exhibits were never admitted into evidence. The exhibits instead were just used and marked but never requested by either party to be admitted into evidence. This argument is without merit. Assignments of error numbers one and two are overruled.
 ASSIGNMENT OF ERROR NO. THREE
Baker's third assignment of error contends:
 "THE TRIAL COURT ERRED IN ENTERING ITS JUDGMENT DECREE IN FORECLOSURE ON JANUARY 8, 2001 UPON MOTION FOR SUMMARY JUDGMENT MADE BY PLAINTIFF AND OPPOSED BY DEFENDANT."
In the brief, Baker makes no arguments under this assignment of error. Baker suggests no authority to support the proposition, Therefore, she does not comply with App.R. 16(A)(7). According to App.R. 12(A)(2), this assignment of error could be dismissed for failure to follow the appellate rules. However, in the interest of justice, we will try to address this assignment of error.
The summary judgment motion as to foreclosure is supported by an affidavit from the Vice President of Valley View, Douglas Albert, as to the amount owed to Valley View. The sworn affidavit purports to be based on personal knowledge. Also attached is a Judgment Lien on Baker's property, which Douglas Albert references. In Baker's opposition to the summary judgment motion, she claims that the lien is public record and not properly authenticated. In the affidavit, Albert indicated that he takes care of the books for Valley View and those records indicate that the Baker judgment lien is unsatisfied. While this is based on his knowledge, the affidavit does not contain a statement that the copy of the lien is a true and accurate copy. Therefore, it was not properly authenticated. Evid.R. 1004; State ex rel. Corrigan v. Seminatore
(1981), 66 Ohio St.2d 459. The copy of the judgment lien probably should not have been considered.
However, this does not change the result. The motion is still supported by an affidavit of the record keeper of Valley View who has personal knowledge as to the amount owed by Baker. Therefore, the affidavit can be considered. Furthermore, even if it cannot be considered, an initial motion for summary judgment does not require support from affidavits. Civ.R. 56(E) (requiring supporting affidavits or other documents allowed under this rule if the initial summary judgment motion was supported by affidavits or other documents allowed under this rule). Therefore, this assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.