OPINION
{¶ 1} Appellant Suzzanne K. Schultz appeals the November 4, 2002 Judgment Entry of the Delaware County Probate Court which ordered the apportionment of estate taxes owed by the Estate of Phyllis C. Knowlton in proportion to the value of the interest of each beneficiary. Appellee is P. Valerie Knowlton.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Phyllis C. Knowlton died on January 15, 2002, survived by three children: appellant Suzzanne Schultz, appellee P. Valerie Knowlton, and Peter Knowlton. Peter Knowlton is not a party to this matter.
 {¶ 3} At her death, decedent had an estate plan consisting of a will, a funded living trust, and joint and survivor property. The probate court appointed appellant and appellee as co-executrixes of the estate.
 {¶ 4} Decedent's will provides the entire residue of the estate, after payment of estate taxes, and administrative expenses, passes in equal shares to appellant and appellee. Most of decedent's property was transferred into an inter vivos trust. Pursuant to the trust agreement, appellant and appellee became co-trustees of the trust on decedent's death. At the time of the decedent's death, the trust had assets valued at $2,929,241.
 {¶ 5} On October 13, 2000, appellant and appellee met with the estate's attorney to review the federal estate tax return and the Ohio estate tax return. While appellant and appellee both shared equally under the trust and under the will, decedent left a substantial amount of joint and survivor property to appellant alone. While this property was subject to estate taxes, it was not part of the probate estate.
 {¶ 6} On October 12, 2000, the probate court admitted the will to probate. On October 13, and 14, 2000, appellant and appellee each drafted a check for one half of the estate taxes due.
 {¶ 7} On July 25, 2002, appellee filed an application for the court to determine an apportionment of taxes. The probate court conducted a hearing on October 31, 2002. In a November 4, 2002 Judgment Entry, the probate court ordered an equitable, but not equal apportionment of the estate taxes. It is from this judgment entry appellant prosecutes her appeal, assigning the following errors for our review:
 {¶ 8} I. The probate court erred by not overruling Ms. Knowlton's `application for court to determine apportionment of Estate Taxes' as being untimely.
 {¶ 9} II. The probate court erred by not overruling Ms. Knowlton's `application for court to determine apportionment of estate taxes' on the ground that Ms. Knowlton waived any right to undo the 2000 payment of estate taxes, and/or that Ms. Knowlton is estopped from doing so.
 {¶ 10} III. The probate court erred by not overruling Ms. Knowlton's `application for court to determine apportionment of estate Taxes' other than by affirming the 50-50 payment Ms. Schultz and Ms. Knowlton made in 2000 pursuant to decedent's will and trust, specifically, the probate court erred in saying that `Ms. Schultz and Ms. Knowlton shall each pay the tax due in the value of the interest they Receive from the trust and assets received outside the trust not paid by the residuary assets of the estate.'"
 I, II, III {¶ 11} An order must be final and appealable to be reviewed by an appellate court. R.C. 2505.03(A); Pewter Mug, Inc. v. M.U.G. Enterprises,Inc. (1975), 46 Ohio App.2d 93, 94, 345 N.E.2d 426, 427.
 {¶ 12} R.C. 2505.02 defines a final order as:
 {¶ 13} "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."
 {¶ 14} A final order determines an action and prevents a judgment. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,87, 541 N.E.2d 64, 67. If an order is not final and appealable, the court lacks subject matter jurisdiction to decide the appeal. Noble v. Colwell
(1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383; Pewter Mug, Inc. v.M.U.G. Enterprises, Inc., supra.
 {¶ 15} In its November 4, 2002 Judgment Entry, the probate court did not apportion the taxes with either a percentage or with a specific monetary amount. Rather, the probate court stated:
 {¶ 16} "Ms. Shultz and Ms. Knowlton do not agree to a method of apportionment. There have been taxable assets provided to Ms. Schultz by Phyllis Knowlton in a greater amount than the assets provided to Ms. Valerie Knowlton. Ms. Schultz and Ms. Knowlton therefore have competing interests in the alternate methods of apportionment. Therefore, the tax owed in excess of the tax paid from the residuary assets of the estate shall be apportioned equally in proportion to value of the interest of each person as determined for estate tax purposes. Ms. Schultz and Ms. Knowlton shall each pay the tax due in the value of the interests they receive from the trust and assets received outside the trust not paid by the residuary assets of the estate."
 {¶ 17} We find the probate court's entry does not constitute a final appealable order. The entry is dependent upon "any tax owed in excess of the tax paid from the residuary assets of the estate." The probate court does not, however, state whether taxes are owed in excess of the residuary assets, and if so, what amount of taxes might be left for apportionment. Next, the probate court orders this amount (in excess of the tax paid of the residuary assets of the estate) to be apportioned equally in proportion to the value of the interest of each person as determined for estate tax purposes. From this language, we are unable to determine the proportion of tax liability imposed on either appellant or appellee. Further, we are not able to determine from the record the figures to be used in order to determine these amounts. In light of these facts, the entry cannot be enforced against either party for a specific amount.
 {¶ 18} Because the trial court's November 4, 2002 Judgment Entry does not determine the action and therefore is not a final appealable order, appellant's appeal is dismissed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.