OPINION
{¶ 1} Defendant-appellant Ohio Adult Parole Authority appeals from the January 10, 2003, Judgment Entry of the Richland County Common Pleas Court holding that plaintiffs-appellees Beverly Seymour and Darl Sheely have been denied parole arbitrarily and unjustifiably.[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Beverly Seymour is currently serving an 8 to 25 year prison sentence for voluntary manslaughter with a firearm specification. The victim was her husband. In turn, appellee Darl Sheely is serving a 15 year to life sentence for the forcible rape of an 11 year old.
 {¶ 3} On March 13, 2002, appellees filed a complaint for declaratory judgment and injunctive relief against appellant Ohio Adult Parole Authority. Appellees, in their complaint, which contained seven causes of action, argued that they were arbitrarily and unjustifiably denied parole. Appellees alleged that appellant had violated their Fifth Amendment right against self-incrimination by denying appellees parole because appellees refused to admit their guilt and did not express remorse. Appellees specifically claimed that they were arbitrarily and unreasonably denied parole on such basis since other prisoners who did not admit guilt were granted parole. Moreover, in their complaint, appellees alleged that appellant had violated numerous statutes, including R.C. 5145.05, by failing to "make release decisions upon facts concerning their [appellees'] personal qualifications for release, not statements or confessions of remorse/guilt"; that appellant violated appellees' First Amendment right to freedom of speech by punishing appellees for not admitting their guilt; that appellant violated their Fourteenth Amendment right to equal protection by not applying parole criteria in a uniform manner; and that appellant violated their right to due process of law.
 {¶ 4} Thereafter, on April 16, 2002, appellant filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Appellees filed a response to the same on June 26, 2002.
 {¶ 5} As memorialized in a Judgment Entry filed on January 10, 2003, the trial court declared that appellee Seymour "has been denied parole arbitrarily and unjustifiably on unreasonable and irrational grounds" and that appellee Sheely "has been denied parole arbitrarily without justifiable reason or rationale in violation of Ohio law."
 {¶ 6} It is from the trial court's January 10, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED BY SUA SPONTE AND WITHOUT PRIOR NOTICE ENTERING A PRETRIAL JUDGMENT FOR THE PLAINTIFFS."
 {¶ 8} As an initial matter, we note that appellees' brief was prepared and signed by appellee Seymour, who is not a licensed attorney, but not by appellee Sheely.[2] For such reason, such brief is stricken with respect to appellee Sheely.
 {¶ 9} We must next determine whether the trial court's January 10, 2003, Judgment Entry is a final appealable order. Appellant, in its brief, notes that "because the trial court's judgment neither addressed each of Plaintiffs [sic] multiple claims nor contained Civ.R. 54(B) certification, appellate jurisdiction might appear to be lacking." Appellant argues, however, that there was no need for Civ.R. 54(B) certification since the trial court's decision "gave Plaintiffs [appellees] all the relief their complaint asked for — a declaration that the APA's [Adult Parole Authority's] decision to deny them parole was improper."
 {¶ 10} An order must be final and appealable to be reviewed by an appellate court. R.C. 2505.03(A); Pewter Mug, Inc. v. M.U.G. Enterprises,Inc. (1975), 46 Ohio App.2d 93, 94, 345 N.E.2d 426, 427. R.C. 2505.02
defines a final order as including an order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial. If an order is not final and appealable, this Court lacks subject matter jurisdiction to decide the appeal. Noble v. Colwell (1989),44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383; Pewter Mug, Inc. v. M.U.G.Enterprises, Inc., supra.
 {¶ 11} In the case sub judice, the order appealed from affects a substantial right and determined at least one of appellee Seymour's claims. See State ex. Rel. Wright v. Ohio Adult Parole Auth. (1996),75 Ohio St.3d 82, 661 N.E.2d 728.[3] However, "an order of a court is a final appealable order only if the requirements of both R.C. 2505.02
and, if applicable, Civ.R. 54(B), are met." Id at 85. (Emphasis added.)
 {¶ 12} Civ.R. 54(B) states as follows: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." An order determining one or more but fewer than all the claims must meet the requirements of both Civ.R. 54(B) and R.C. 2505.02.
 {¶ 13} There is no dispute in the case sub judice that appellees Seymour and Sheely raised multiple claims in their complaint. Appellees, in their complaint, raised numerous Constitutional issues that were not determined by the trial court in its entry. However, we concur with appellant that appellees "advanced multiple claims supporting a single result, a declaration that their continued incarceration was illegal." By holding that appellees were arbitrarily and unjustifiably denied parole, the trial court, for all practical purposes, determined the "ultimate issue in the case," which was the legality of appellees' confinement. We find that by holding that appellees had been denied parole arbitrarily and unjustifiably, the trial court impliedly rejected appellees' other claims for relief.[4]
 {¶ 14} Based on the foregoing, we find that the January 10, 2003, Judgment Entry was a final appealable order even though it does not contain Civ.R. 54(B) language.
 I {¶ 15} Appellant, in its sole assignment of error, argues that the trial court erred by sua sponte, and without prior notice to appellant, entering a pretrial judgment in favor of appellees Seymour and Sheely. As is stated above, after appellees Seymour and Sheely filed their complaint, appellant filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim for relief. Appellees then filed a response to the same. Despite the fact that no motion for judgment or any other type of motion had been filed by appellees, the trial court granted judgment in their favor. Appellant now argues that the trial court erred in doing so. We agree.
 {¶ 16} As noted by appellant, the only provisions of the Ohio Civil Rules that would possibly support a pretrial judgment for appellees are Civ.R. 12(C), Civ.R. 37(b)(2)(c) and Civ.R. 55 and 56.
 {¶ 17} Civ.R. 12(C) states as follows: "Motion for judgment on the pleadings After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Since the pleadings in the case sub judice were not closed because appellant filed a motion rather than an answer, any judgment on the pleadings pursuant to such rule was improper. Moreover, due process requires both notice and an opportunity to be heard when a trial court sua sponte grants a Civ.R. 12(C) judgment on the pleadings. See State v. Ramey
(Sept. 3, 1999), Clark App. No. No. 99CA0002. Appellant was provided no notice by the trial court that judgment on the pleadings might be entered against appellant and, therefore, had no opportunity to respond. Any judgment pursuant to Civ.R. 12(C) was, therefore, improper.
 {¶ 18} Nor could judgment in favor of appellees Seymour and Sheely have been properly entered pursuant to Civ.R. 37(B)(2)(c), Civ.R. 55 or Civ.R. 56.
 {¶ 19} Civ.R. 37 states, in relevant part, as follows: "(B) Failure to comply with order. (2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;" As noted by appellant, no discovery had yet been requested in the case sub judice and no motion to compel discovery had been filed.
 {¶ 20} Pursuant to Civ.R. 55(A), " When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. AMCA Intern. Corp. v. Carlton (1984),10 Ohio St.3d 88, 461 N.E.2d 1282. Not only did appellees never "apply," in writing or otherwise, for a default judgment, but appellant was not provided any written notice of a possible default judgment
 {¶ 21} Finally, Civ.R. 56 provides, in pertinent part, as follows: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." A trial cannot award summary judgment to a party that has not filed such a motion. See Marshall v. Aaron (1984),15 Ohio St.3d 48, 472 N.E.2d 335. No motion for summary judgment was filed in the case sub judice by appellees.
 {¶ 22} Since the trial court erred in granting judgment in favor of appellees Seymour and Sheely, appellant's sole assignment of error is, therefore, sustained.
 {¶ 23} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed as to appellees Seymour and Sheely and this matter is remanded to the trial court for further proceedings.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur
[1] We note that appellant, after the trial court issued its decision, filed a proffer in the trial court of "evidence that would have established, at a minimum, the existence of questions of fact about whether the parole decisions at issue here, were arbitrary, unreasonable or irrational." However, since such proffer was not before the trial court at the time it issued its decision, we shall not consider the same.
[2] Appellee Seymour, in such brief, indicated that "[t]his brief of Appellee is respectfully submitted by Plaintiff-appellee Beverly Seymour on behalf of both Plaintiffs."
[3] In Wright, the Ohio Supreme Court held that a Court of Appeals' order granting an inmate a writ of mandamus ordering the Adult Parole Authority to hold a new parole revocation hearing in which evidence obtained in violation of the inmates's constitutional right against unreasonable searches and seizures would neither be admitted nor considered was a "final order" since it affected a substantial right and determined one of the inmate's claims.
[4] In contrast, in Wright, supra., the Ohio Supreme Court held that by ruling on appellee's second claim for relief, the appellate court had impliedly rejected appellee's first claim for relief. In Wright, the appellee had argued in his first claim for relief that he was not given a final parole hearing within a reasonable time. In his second claim for relief, appellee argued that the parole authority improperly relied on evidence obtained during the illegal searches of his residence in the parole revocation determination. The Ohio Supreme Court, in holding that appellee's appeal from the appellate court decision was a final appealable order, noted that both of appellee's claims had the same goal — outright release from prison and reinstatement of his parole, and that by granting a limited writ ordering the parole authority to hold a new parole hearing, the court of appeals impliedly rejected appellant's untimeliness claim.