OPINION JUDGMENT ENTRY
{¶ 1} Appellants Doug and Diana Coles appeal the decision of the Court of Common Pleas, Muskingum County, which denied their claim for relief under the Ohio Consumer Sales Practices Act (R.C. 1345.01 et seq.). The relevant facts leading to this appeal are as follows.
 {¶ 2} In June 2000, appellants hired Appellees Lawrence and Nicol Tabler to pour and finish a concrete garage floor at their residence. Appellees commenced their work in July 2000, and were paid therefor by appellants.
 {¶ 3} Appellants discovered several alleged defects in the floor's quality and strength, but did not reach any resolution with appellees to repair the floor. On January 16, 2002, appellants filed a complaint in the Court of Common Pleas, Muskingum County, setting forth claims of breach of contract and violations of the Ohio Consumer Sales Practices Act (R.C. 1345.01
et seq.) ("CSPA").
 {¶ 4} On July 24, 2002, appellants filed a motion for summary judgment. On January 6, 2004, the court granted summary judgment in favor appellants on their breach of contract claim and awarded them $7600. However, despite the lack of a summary judgment motion by appellees, or a memorandum contra to appellant's motion for summary judgment, the court denied Cole's entire CSPA claim in a judgment entry filed on January 6, 2004.
 {¶ 5} Appellants timely appealed, and herein raise the following sole Assignment of Error:
 {¶ 6} "I. The trial court erred as a matter of law in finding on unopposed summary judgment motion that appellees-defendants' construction did not violate the Ohio Consumer Sales Practices Act (R.C. 1345.01, et seq.)."
 I. {¶ 7} In their sole Assignment of Error, appellants contend the trial court erred in denying their CSPA claim upon their unopposed summary judgment motion. We agree.
 {¶ 8} In Marshall v. Aaron (1984), 15 Ohio St.3d 48, the Ohio Supreme Court held that a court cannot sua sponte grant summary judgment to a party where that particular party has not filed a motion for summary judgment, even when another party has requested summary judgment. Accord Seymour v. Ohio Adult ParoleAuthority, Richland App. No. 03CA16, 2003-Ohio-5594, ¶ 21.
 {¶ 9} In the case sub judice, the trial court's denial of appellants' CSPA relief (rather than a mere "yes" or a "no" on whether their summary judgment motion should be granted) was effectively a grant of summary judgment in favor of appellees, who never asked for summary judgment. Civ.R. 56 states in pertinent part that "summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusionand that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." (Emphasis added). Here, after appellants alone filed for summary judgment, the opposite took place; i.e., the court essentially found reasonable minds could only conclude the existence of no CSPA relief, but this is a conclusion actually adverse to the movants.
 {¶ 10} We therefore find merit in appellants' argument. The sole Assignment of Error is sustained. We affirm the trial court's grant of summary judgment in appellants' favor as to the breach of contract claim, but we reverse on procedural grounds the court's denial of the CSPA claim and remand said claim for further proceedings.
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellants and appellees.